421 A.2d 1163

COMMONWEALTH of Pennsylvania,

v.

**Johnetta RUSH, a/k/a Janet Linda Hodges, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Aug. 22, 1980.

Arthur J. King, Assistant Public Defender, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and ROBERTS, JJ.*

PER CURIAM:

On March 23, 1979, appellant, Johnetta Rush, was sentenced to a term of imprisonment of two and one–half to five years following the revocation of a probation previously

* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania, is sitting by designation.

granted at No. 5437 October Term, 1975.[1]  Thereafter on April 24, 1979, appellant petitioned the lower court for modification of that sentence pursuant to Pa.R.Crim.P. 1410[2]; however, same was dismissed on May 9, 1979 as having been untimely filed.

On appeal, appellant raises the following issues: (1) whether the lower court erred in dismissing the motion to modify sentence since it had failed to instruct appellant at the time of sentencing of the requirement of filing same within ten days; (2) whether the sentence imposed was sufficiently reflective of the guidelines mandated by the sentencing code; and (3) whether the sentence imposed was excessive.

Since we agree with appellant's first contention of error, it becomes unnecessary for us to consider the others.

Pa.R.Crim.P. 1405 provides, in relevant part, that at the time of sentencing the judge shall: ". . . (c) advise the defendant on the record: . . . (2) of the right to file motions

1.  The events preceding said revocation and resentencing are as follows: On April 7, 1976, appellant entered a plea of guilty at No. 5437 October Term, 1975 to three charges of retail theft and, in accordance with a plea bargain arrangement, was sentenced to a term of imprisonment of 6 to 23 months on one count and a five year probationary period on another.  On May 26, 1976, she was paroled.

Within five months, appellant was rearrested on a new retail theft charge at No. 4411 of 1976.  Following the entry of a guilty plea on January 25, 1977, the court sentenced appellant to 5 to 23 months imprisonment and, additionally, found her in violation of both the probation and parole granted on the earlier charges.  The court directed appellant recommence service of her original sentence, yet determined her eligible for parole on both sentences to an in–patient drug facility.  In March, 1977, appellant was paroled for admission to such a program.  However, she absconded from the facility in July 1977 and was arrested several times thereafter in Philadelphia for retail theft, most recently on January 29, 1979.

Gagnon I and II hearings followed, respectively on February 6, 1979 and March 23, 1979.  At the latter, the court found appellant to be in violation of her parole at No. 4411 of 1977 and both her probation and parole at No. 5437 October Term, 1975 and, on that basis, imposed the aforementioned sentence in lieu of the probation. The paroles were not revoked.

2.  Pa.R.Crim.P. 1410 provides: "A motion to modify sentence shall be in writing and shall be filed with the sentencing court within ten (10) days after imposition of sentence."

challenging the propriety of the sentence . . . ; (3) of the ten day time limit within which such motion must be filed; . . . "

The comment following said rule indicates that "(t)he advice mandated under paragraph (c) refers in part to the procedure under . . . Rule 1410."

Though our research fails to reveal a reported case on a trial judge's obligation to advise a defendant of his right to petition for modification of sentence within ten days, our Supreme Court has previously discussed the duty to advise of other rights similarly set forth in subsection (c) of the rule. See *Commonwealth v. Wilson*, 430 Pa. 1, 241 A.2d 760 (1968); *Commonwealth v. Stewart*, 430 Pa. 7, 241 A.2d 764 (1968) [right to free assistance of counsel on appeal, set forth in (c)(1)].

■ In cases where, as the present one, the record is silent, the burden is placed upon the Commonwealth to show that the defendant waived or abandoned a mandated right. See *Commonwealth ex rel. Mullins v. Maroney*, 428 Pa. 195, 236 A.2d 781 (1968); *Commonwealth ex rel. Robinson v. Myers*, 427 Pa. 104, 233 A.2d 220 (1967). Of course, the court must first conclude that the defendant was actually aware of such right.

We can, however, perceive no benefit to be gained from remanding the matter to enable the sentencing court to receive evidence for the purpose of determining whether appellant was, in fact, aware of such right but, nonetheless, chose to waive same.

■ While the sentencing judge's opinion acknowledges the oversight in failing to fully advise appellant of her rights, it suggests that even were the petition to have been timely filed, same would have been denied. However, since the order dismissing the request for modification merely cites the petition's untimeliness,[3] the record does not fully

3. The order issued by the court read as follows: "AND NOW, May 9, 1979, on review, it appearing that petitioner has not complied with Pa.R.Cr.Proc. 1410, the petition for reconsideration, having been filed

support such an inference. Accordingly, the case will be remanded with instructions for the lower court to entertain appellant's petition for modification of sentence nunc pro tunc.

We are mindful, of course, that the lower court may well choose to deny the request on the merits. In such event, this court will permit, upon motion of counsel, an appeal upon those remaining issues raised, but not decided, herein. Notwithstanding that possibility, we believe appellant is entitled to the sentencing court's consideration of such a petition since her right to same was previously denied as a result of the court's failure to properly advise her of its availability.

Case remanded with directions to the lower court to entertain appellant's motion for modification of sentence nunc pro tunc.

WICKERSHAM, J., files dissenting opinion.

WICKERSHAM, Judge, dissenting:

I dissent from the majority decision in this case to remand with direction to the lower court to entertain appellant's motion for modification of sentence nunc pro tunc.

Rule 1410 of Pa.R.Crim.P. requires a defendant to file a motion to modify sentence in writing within ten (10) days after imposition of sentence. The sentencing judge should call this rule to the attention of the defendant at the same time of sentencing.[1] Such was not done in the present case and Judge Tredinnick dismissed defendant's petition for modification of sentence because it was filed more than ten (10) days after sentence.

The point, however, which the majority of this panel overlooked, is the fact that Judge Tredinnick in fact gave full consideration to defendant's petition for modification of

more than ten days after sentencing, is dismissed. BY THE COURT /s/. Tredinnick, J."

1. Pa.R.Crim.P. 1405(c)(3).

sentence, disposed of it on its merits, and discussed it fully in his Opinion of June 27, 1979.[2]

The remand under these circumstances is pure folly; a waste of judicial manpower and one of the reasons we have almost 5000 unresolved cases. After the present remand, the appeal will necessarily come back on the unresolved issues and take the time of the other appellate court judges once again.

2. The reason given by Judge Tredinnick for considering the motion of defendant on its merits, although filed late, was to avoid a future P.C.H.A. issue of alleged ineffectiveness of counsel.