437 A.2d 16

**COMMONWEALTH of Pennsylvania,**

**v.**

**Vance C. JOHNSTON, Appellant.**

Superior Court of Pennsylvania.

Argued March 3, 1980.

Filed Nov. 6, 1981.

James W. Harris, York, for appellant.

Robert G. Teeter, Assistant District Attorney, Gettysburg, submitted a brief on behalf of Commonwealth, appellee.

Before CERCONE, President Judge and WATKINS and MONTGOMERY, JJ.

CERCONE, President Judge:

This is an appeal from a judgment of sentence in the Court of Common Pleas of Adams County for the violation of certain provisions of the Local Tax Enabling Act, 53 P.S. § 6901 et seq. The appellant, Mr. Johnston, contends that the disclosure requirement in the Local Tax Enabling Act with its concomitant statutory penalties for non-compliance is the type of governmental compulsion proscribed by the Fifth Amendment and is, therefore, unconstitutional because it does not afford immunity to the answering taxpayer. We, however, do not reach Mr. Johnston's substantive contention because this issue is not properly before the Court.

Mr. Johnston filed a tax return pursuant to the Earned Income Tax Laws as enacted by the Upper Adams School District, however, Mr. Johnston refused to answer, on the form and orally at his hearing, any questions concerning the amount and source of his income. In addition, he refused to allow the tax collection agency to examine his books, thereby effectively depriving them of any means to assess the amount of his income during the 1977 tax year. Mr. Johnston cited his Fifth Amendment right against selfincrimination to justify his failure to disclose the pertinent information, asserting, as he did, that he would thereby be subject to prosecution for a violation of federal income tax laws.

After charges were filed, Mr. Johnston was found guilty by his local district justice who fined him fifty dollars plus costs. Having filed a timely appeal, Mr. Johnston was

afforded a hearing *de novo* on May 8, 1979 before the Court of Common Pleas of Adams County. A written order was issued later that day finding appellant guilty of violating the provisions of the Local Tax Enabling Act, and simultaneously imposing a fine of fifty dollars. Thus, Mr. Johnston was sentenced immediately upon the pronouncement of the verdict.

Although appellant Johnston was not advised of his rights under Pa.R.Crim.P. 1123(c) during the *de novo* hearing, he nevertheless filed boilerplate post-verdict motions on May 16, 1979.[1] After the notes of the testimony were transcribed and filed, the lower court, on June 5, 1979, scheduled oral argument on the motions for July 9, 1979.[2] Thereafter, appellant Johnston filed a notice of appeal to this Court on June 6, 1979 and the lower court was thereby divested of jurisdiction to further act upon this matter. Pa.R.Ap.P. 1701(a).

Since a violation of this act is punishable by a fine of not greater than five hundred dollars and default of payment of such fines by a period of imprisonment not to exceed thirty days, the Rules of Criminal Procedure are applicable in this case. *See In the Interest of Golden*, 243 Pa.Super. 267, 365 A.2d 157 (1976). The problem in this case, therefore, is that the lower court improperly pronounced verdict and sentence simultaneously at the conclusion of the *de novo* hearing. *See Commonwealth v. Koch*, 288 Pa.Super. 290, 431 A.2d 1052 (1981); *Commonwealth v. Zaimes*, 6 D. & C. 3d 612 (Pa.R.C.P. 1978). In addition, the judgment of sentence was improperly imposed *before* either the filing of appellant's post-verdict motions and the lower court's ruling thereon, or the effective waiver of appellant's right to do so after

1. Post-verdict motions were, therefore, properly filed within ten days of the May 8, 1979 finding of guilt. *See* Pa.R.Crim.P. 1123(a).

2. The delay encountered in waiting for the transcript in the present case was unnecessary due to an express provision of Pa.R.Crim.P. 1123(a) which states in pertinent part: "If the grounds asserted do not require a transcript, neither the filing nor argument of post-verdict motions shall be delayed for lack of a transcript of the notes of testimony."

having been advised on the record by the lower court of his rights under Pa.R.Crim.P. 1123(c). *Commonwealth v. Webster*, 466 Pa. 314, 353 A.2d 372 (1975); *Commonwealth v. Koch, supra.* Nevertheless, taking no chances, the attorney for the appellant timely filed his notice of appeal within thirty days of the May 8, 1979 judgment of sentence. This assured appellant of the timeliness of his appeal, but deprived him of the opportunity to have his post-verdict motions argued before, and ruled upon by, the lower court.

Because the lower court erred in rendering verdict and sentence together, appellant Johnston was placed in the tenuous position of being forced to take a timely appeal from an improperly imposed judgment of sentence before his post-verdict motions were argued and decided thereby risking an untimely appeal.[3] We will, therefore, vacate the judgment of sentence and remand this case to the lower court to resume proceedings at the post-verdict stage. Also, since the record reflects that the lower court failed to advise appellant Johnston of his appeal rights pursuant to Rule 1123(c), the court on remand should also entertain supplemental post-verdict motions *nunc pro tunc. Commonwealth v. Johnson*, 258 Pa.Super. 214, 392 A.2d 760 (1978); *Commonwealth v. Steffish*, 243 Pa.Super. 309, 365 A.2d 865 (1976). After supplemental post-verdict motions have been filed or effectively waived, the court should hold a hearing on all of appellant's post-verdict motions, and then determine whether it should grant the motions and arrest judgment or deny the motions and resentence the appellant, whichever is appropriate. If either party is aggrieved by this determination, a new appeal may be filed.

3. Appellant Johnston might be faulted for not filing a motion to vacate the improperly imposed judgment of sentence because it would have given the trial judge an opportunity to recognize his error and rectify it without encountering the delay created by resorting to the appeal process. However, due to the confusion surrounding the requirement of filing post-verdict motions in a *de novo* summary case which existed before the requirement was clarified by *Commonwealth v. Koch, supra,* and the recent amendments to the comments to Rules 67 and 1123 of the Rules of Criminal Procedure, we have refrained from assessing such fault to Mr. Johnston in the present case.

228

The judgment of sentence is vacated and the case remanded for further proceedings consistent with this opinion.