439 A.2d 162

**COMMONWEALTH of Pennsylvania**

v.

**David J. PICKER, Appellant.**

Superior Court of Pennsylvania.

Argued March 2, 1981.

Filed Dec. 29, 1981.

David J. Picker, Norristown, in pro. per.

Joseph Hylan, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before CERCONE, President Judge, and WICKERSHAM and BROSKY, JJ.

CERCONE, President Judge:

This is an appeal from the judgment of sentence of the Court of Common Pleas of Montgomery County imposing a fine upon appellant for the summary offense of speeding in violation of the Vehicle Code, 75 Pa.C.S. § 3362(a)(1). Appellant was initially found guilty by his local district justice and ordered to pay a fine. He appealed his summary conviction to the court of common pleas which held a *de novo* trial on the charge. Appellant was again found guilty and ordered to pay a fine by order of court dated May 22, 1980. This appeal followed.[1]

1. The issues raised in appellant's brief read as follows:

*Statements of Questions Involved*

I. DOES THE FAILURE OF A DISTRICT JUSTICE TO HOLD AN ORIGINAL HEARING UNDER PENNSYLVANIA RULE OF CRIMINAL PROCEDURE 55–2(a) WITHIN THREE TO TEN DAYS AFTER A DEFENDANT APPEARS PERSONALLY AND POSTS THE SECURITY REQUIRED BY THE ISSUING AUTHORITY REQUIRE A DISMISSAL OF THE CHARGES AGAINST A DEFENDANT?

The state of this record is reflective of the confusion which existed in the legal community before our *en banc* decision in *Commonwealth v. Koch,* 288 Pa.Superior Ct. 290, 431 A.2d 1052 (1981). That decision made it clear that post-verdict motions are required to be filed in order to preserve issues for appeal after the pronouncement of guilt in *de novo* trials held upon an appeal from the decision of a district justice. *Id. See also* Pa.R.Crim.P. 1123 and recent comment thereto. In the present case, we note that there were no post-verdict motions filed. We cannot, however, find a waiver on this basis because the lower court never apprised appellant Picker on the record of his right to file post-verdict motions as is mandated that the court do under Pa.R.Crim.Pr. 1123(c). *Commonwealth v. Koch, supra. See also Commonwealth v. Johnston,* 292 Pa.Superior Ct. 224, 437 A.2d 16 (1981); *Commonwealth v. Williams,* 290 Pa.Su-

THIS ISSUE ANSWERED IN THE NEGATIVE BY THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY.
II. WHERE THE COMMONWEALTH JOINS IN AND MOVES FOR A DISMISSAL OF THE CHARGES AGAINST AN ACCUSED IN A SUMMARY CASE ARISING FROM AN ALLEGED VIOLATION OF THE MOTOR VEHICLE CODE, DOES THE LOWER COURT HAVE THE AUTHORITY TO REJECT SAID MOTION BY THE COMMONWEALTH? THIS WAS ANSWERED IN THE NEGATIVE BY THE LOWER COURT, BUT NOT DISCUSSED IN THE OPINION OF THE LOWER COURT.
III. WHERE AN ACCUSED IS CHARGED WITH SPEEDING UNDER THE MOTOR VEHICLE CODE AND THE APPARATUS OF A TWO WAY RADIO TRANSMITTER IS USED AS AN ESSENTIAL PART OF THE COMMONWEALTH'S CASE, AND WHERE THE COMMONWEALTH FAILS TO INTRODUCE PROOF CERTIFYING THE TESTING AND ACCURACY OF SUCH ELECTRONIC DEVICE, HAS THE COMMONWEALTH FAILED TO MEET THE BURDEN OF PROOF THEREBY REQUIRING A DISMISSAL OF THE CHARGES AGAINST AN ACCUSED? THIS WAS ANSWERED IN THE NEGATIVE BY THE LOWER COURT.
IV. DID THE LOWER COURT COMMIT ERROR IN FINDING THAT THE TESTIMONY ESTABLISHED THE GUILT OF THE APPELLANT BEYOND A REASONABLE DOUBT WHERE THE COMMONWEALTH'S CASE IS BASED SOLELY ON THE TESTIMONY OF A SPEED ENFORCEMENT TEAM CONSISTING OF THREE POLICE OFFICERS NONE OF WHOM OBSERVED THE VEHICLE DRIVEN BY THE ACCUSED THROUGH THE ENTIRE MEASURED SPEED ZONE? THIS WAS ANSWERED IN THE NEGATIVE BY THE LOWER COURT.

perior Ct. 158, 434 A.2d 179 (1981). *Cf.* cases with respect to motions to modify sentence under Pa.R.Crim.P. 1405(c), *Commonwealth v. Walton*, 289 Pa.Superior Ct. 411, 433 A.2d 517 (1981); *Commonwealth v. Koziel*, 289 Pa.Superior Ct. 55, 432 A.2d 1031 (1981); *Commonwealth v. Rush*, 281 Pa.Superior Ct. 92, 421 A.2d 1163 (1980). In fact, the lower court, just as the lower courts in *Koch, Williams* and *Johnston* improperly pronounced verdict and sentence simultaneously through a written order made subsequent to the conclusion of the *de novo* trial. This effectively precluded the appellant from having the opportunity to file post-verdict motions which should properly be filed after the verdict is rendered, but before sentence, in this case a fine, is imposed. *See* Comment to Pa.R.Crim.P. 1123. The proper procedure for litigants to follow in this situation would be to file a motion to vacate the improperly imposed judgment of sentence in order to allow for the filing of post-verdict motions. Appellant Picker, however, should not be faulted for his failure to do so because of the confusion which existed before *Koch* and the recent amendments to the Comments to Rules 67 and 1123 of the Rules of Criminal Procedure. *See Commonwealth v. Johnston, supra*, 292 Pa.Superior Ct. at 224 n.3, 437 A.2d 16.

Finally, we note that in this case the lower court, pursuant to Pa.R.App.P. 1925(b), issued an order directing appellant to file of record a concise statement of the matters complained of on appeal. Thus, the appellant did so and the lower court specifically addressed these issues in its opinion in support of an order pursuant to Pa.R.App.P. 1925(a). This, however helpful, is certainly not an adequate substitute for the filing of post-verdict motions because the latter ask the lower court to *reconsider* its decision in light of alleged errors whereas the former simply requires the court to *justify* and articulate the reasons for its decision. This distinction is crucial in light of the fact that one of the main purposes for requiring post-verdict motions is to give the lower court an opportunity to correct asserted errors at that early stage without necessitating the expenditure of time and judicial energy in taking a costly appeal to the appellate

courts. *See Commonwealth v. Koch*, 288 Pa.Superior Ct. at 296, 431 A.2d at 1055. In *Koch*, we stated that "[t]he purpose of such motions is twofold: (1) to afford the trial court in the first instance, the opportunity to correct asserted trial errors; and (2) to clearly and narrowly frame issues for appellate review. *Commonwealth v. Kinsey*, 249 Pa.Superior Ct. 1, 375 A.2d 727 (1977)." While a concise statement of matters complained of on appeal may narrow the issues for review, it does not allow the lower court the opportunity to correct its errors because the notice of appeal has already been filed and the lower court is thereby divested of jurisdiction to act further on the case. Pa.R.App.P. 1701(a).

For all of the foregoing reasons, the judgment of sentence is vacated and the case is remanded for the filing of post-verdict motions *nunc pro tunc* within 10 days of the filing of this order. Jurisdiction is relinquished.

WICKERSHAM, J., files a concurring statement.

WICKERSHAM, Judge, concurring:

Although I agree with the post-verdict analysis. I do not believe a remand is necessary. The record presently before the court is more than adequate for the disposition of the issues raised. *Commonwealth v. Koch*, 288 Pa.Super. 290, 431 A.2d 1052 (1981).