442 A.2d 263

**COMMONWEALTH of Pennsylvania**

v.

**Donald L. SPRINGER, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 1, 1981.

Filed Feb. 19, 1982.

528

Randall E. Zimmerman, Mifflintown, for appellant.

Harold E. Powell, Mifflintown, for Commonwealth, appellee.

Before BROSKY, WIEAND and MONTEMURO, JJ.

PER CURIAM:

This is an appeal from the judgment of sentence by which the Court of Common Pleas of Juniata County imposed a fine on Donald L. Springer following a conviction for speeding in violation of 75 Pa.C.S. § 3362(a)(2). Springer was initially found guilty by a local district justice and ordered to pay a fine. He appealed this conviction to the court of common pleas, which heard the evidence de novo. At the conclusion of the hearing, the trial judge deferred a decision to give counsel an opportunity to file briefs. On January 26,

1981, the trial court entered an order dismissing the appeal, finding Springer guilty of speeding, and reimposing the fine, together with costs, previously imposed. This appeal followed immediately. No post trial motions were filed.

The appeal is controlled by decision of this Court in *Commonwealth v. Picker*, 293 Pa.Superior Ct. 381, 439 A.2d 162 (1981). What was said in that opinion is equally applicable to the instant appeal: "The state of this record is reflective of the confusion which existed in the legal community before our *en banc* decision in *Commonwealth v. Koch*, 290 Pa.Superior Ct. 288, 431 A.2d 1052 (1981). That decision made it clear that post-verdict motions are required to be filed in order to preserve issues for appeal after the pronouncement of guilt in *de novo* trials held upon an appeal from the decision of a district justice. *Id. See also* Pa.R. Crim.P. 1123 and recent comment thereto. In the present case, we note that there were no post-verdict motions filed. We cannot, however, find a waiver on this basis because the lower court never apprised appellant [Springer] on the record of his right to file post-verdict motions as is mandated that the court do under Pa.R.Crim.P. 1123(c). *Commonwealth v. Koch, supra. See also Commonwealth v. Johnston*, 292 Pa.Superior Ct. 224, 437 A.2d 16 (1981); *Commonwealth v. Williams*, 290 Pa.Superior Ct. 158, 434 A.2d 179 (1981) . . . . In fact, the lower court, just as the lower courts in *Koch, Williams* and *Johnston* improperly pronounced verdict and sentence simultaneously through a written order made subsequent to the conclusion of the *de novo* trial. This effectively precluded the appellant from having the opportunity to file post-verdict motions which should properly be filed after the verdict is rendered, but before sentence, in this case a fine, is imposed. *See* Comment to Pa.R.Crim.P. 1123. The proper procedure for litigants to follow in this situation would be to file a motion to vacate the improperly imposed judgment of sentence in order to allow for the filing of post-verdict motions. Appellant [Springer], how-

ever, should not be faulted for his failure to do so because of the confusion which existed before *Koch* and the recent amendments to the Comments to Rules 67 and 1123 of the Rules of Criminal Procedure. *See Commonwealth v. Johnston, supra,* 292 Pa.Superior Ct. at 227 n.3, 437 A.2d 16, 18.

■ "Finally, we note that in this case the lower court, pursuant to Pa.R.App.P. 1925(b), issued an order directing appellant to file of record a concise statement of the matters complained of on appeal. Thus, the appellant did so and the lower court specifically addressed these issues in its opinion in support of an order pursuant to Pa.R.App.P. 1925(a). This, however helpful, is certainly not an adequate substitute for the filing of post-verdict motions because the latter ask the lower court to *reconsider* its decision in light of alleged errors whereas the former simply requires the court to *justify* and articulate the reasons for its decision. This distinction is crucial in light of the fact that one of the main purposes for requiring post-verdict motions is to give the lower court an opportunity to correct asserted errors at that early stage without necessitating the expenditure of time and judicial energy in taking a costly appeal to the appellate courts. *See Commonwealth v. Koch,* 288 Pa.Superior Ct. at 295, 431 A.2d at 1055. In *Koch,* we stated that '[t]he purpose of such motions is twofold: (1) to afford the trial court in the first instance, the opportunity to correct asserted trial errors; and (2) to clearly and narrowly frame issues for appellate review. *Commonwealth v. Kinsey,* 249 Pa.Superior Ct. 1, 375 A.2d 727 (1977).' While a concise statement of matters complained of on appeal may narrow the issues for review, it does not allow the lower court the opportunity to correct its errors because the notice of appeal has already been filed and the lower court is thereby divested of jurisdiction to act further on the case. Pa.R.App.P. 1701(a)."

Therefore, we vacate the judgment of sentence and remand for the filing of post trial motions nunc pro tunc within 10 days of the filing of this order.