442 A.2d 783

**COMMONWEALTH of Pennsylvania**

v.

**Leonard SIMS, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 11, 1980.

Filed March 5, 1982.

310

Anthony J. Seneca, Washington, for appellant.

Stephen L. White, Assistant District Attorney, Waynesburg, for Commonwealth, appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

PER CURIAM:

Leonard Sims, Jr., appellant herein, was charged with a violation of the Pennsylvania Vehicle Code relating to maximum gross weight of vehicles, 75 Pa.C.S. § 4941(a).

The case originally was heard October 13, 1978 before District Justice Ruth Hughes in Waynesburg, Greene County and, following the taking of an appeal, was heard *de novo*

before the Honorable Glenn Toothman, President Judge of Greene County March 23, 1979. On January 17, 1980, President Judge Toothman filed a two page opinion and an order in which he found appellant guilty and imposed a sentence of a fine and costs.

On February 12, 1980, Leonard Sims, Jr. filed a notice of appeal to the Superior Court of Pennsylvania[1] "from an Opinion and Order of the Court of Common Pleas of Greene County, dated January 16, 1980, finding the Defendant guilty of the Summary Offense of violating Section 4941(a) of the Vehicle Code."[2]

The state of this record is reflective of the confusion which existed in the legal community before our *en banc* decision in *Commonwealth v. Koch*, 288 Pa.Superior Ct. 290, 431 A.2d 1052 (1981). That decision made it clear that post-verdict motions are required to be filed in order to preserve issues for appeal after the pronouncement of guilt in *de novo* trials held upon an appeal from the decision of a district justice. *Id.* *See also* Pa.R.Crim.P. 1123 and recent comment thereto. In the present case, we note that there were no post-verdict motions filed. We cannot, however, find a waiver on this basis because the

---

1. The issues raised in appellant's brief are as follows:
   STATEMENT OF QUESTIONS INVOLVED
   I. Whether the lower court erred in failing to dismiss the charges; in that the citation was defective.
   a) Whether the citation containing a substantive defect as to the date of the incident, should have been dismissed.
   b) Whether the citation, as allegedly amended, should have been dismissed for failure to comply with the Pennsylvania Rules of Criminal Procedure for summary offenses.
   II. Whether the lower court erred in admitting evidence of the weight of the vehicle against the defendant.
   a) Whether probable cause existed to stop the defendant and order his truck to be weighed?
   b) Whether the procedure followed by the Pennsylvania State Police in re-loading the vehicle was proper?
   Brief for Appellant at 3.

2. Although appellant's notice of appeal indicates that this is an appeal from the lower court's order, we will consider it to be an appeal from judgment of sentence.

lower court never apprised appellant Picker on the record of his right to file post-verdict motions as is mandated that the court do under Pa.R.Crim.P. 1123(c). *Commonwealth v. Koch, supra. See also Commonwealth v. Johnston,* 292 Pa.Superior Ct. 224, 437 A.2d 16; *Commonwealth v. Williams,* 290 Pa.Superior Ct. 158, 434 A.2d 179 (1981). *Cf.* cases with respect to motions to modify sentence under Pa.R.Crim.P. 1405(c), *Commonwealth v. Walton,* 289 Pa. Superior Ct. 411, 433 A.2d 517 (1981); *Commonwealth v. Koziel,* 289 Pa.Superior Ct. 22, 432 A.2d 1031 (1981); *Commonwealth v. Rush,* 281 Pa.Superior Ct. 92, 421 A.2d 1163 (1980). In fact, the lower court, just as the lower courts in *Koch, Williams* and *Johnston* improperly pronounced verdict and sentence simultaneously through a written order made subsequent to the conclusion of the *de novo* trial. This effectively precluded the appellant from having the opportunity to file post-verdict motions which should properly be filed after the verdict is rendered, but before sentence, in this case a fine, is imposed. *See* Comment to Pa.R.Crim.P. 1123. The proper procedure for litigants to follow in this situation would be to file a motion to vacate the improperly imposed judgment of sentence in order to allow for the filing of post-verdict motions. Appellant Picker, however, should not be faulted for his failure to do so because of the confusion which existed before *Koch* and the recent amendments to the Comments to Rules 67 and 1123 of the Rules of Criminal Procedure. *See Commonwealth v. Johnston, supra,* 292 Pa.Superior Ct. at 227 n.3, 437 A.2d 16 n.3.

For all of the foregoing reasons, the judgment of sentence is vacated and the case is remanded for the filing of post-verdict motions *nunc pro tunc* within 10 days of the filing of this order. Jurisdiction is relinquished.

*Commonwealth v. Picker,* 293 Pa.Super. 381, 439 A.2d 162 (1981).

For all of the foregoing reasons, the judgment of sentence is vacated and the case is remanded for the filing of post-

verdict motions *nunc pro tunc* within 10 days of the filing of this order.  Jurisdiction is relinquished.