442 A.2d 326

COMMONWEALTH of Pennsylvania

v.

Verge J. DALBON, Jr., and William M. Biringer, Appellants.

Superior Court of Pennsylvania.

Argued Nov. 11, 1980.

Filed March 5, 1982.

Sanford S. Finder, Washington, for appellants.

W. Bertram Waychoff, Assistant District Attorney, Waynesburg, for Commonwealth, appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

PER CURIAM:

This is a consolidated appeal from the judgment of sentence[1] of the Court of Common Pleas of Greene County imposing a fine upon appellants for violation of the Motor Vehicle Code relating to the maximum gross weight of vehicles, 75 Pa.C.S. § 4941(a). Appellants were initially found guilty by their local district justice and ordered to pay a fine. They appealed their summary convictions to the court of common pleas which held a *de novo* trial on the charge. Appellants were again found guilty and directed to pay a fine by order of court dated November 16, 1979. This appeal followed.[2]

The state of this record is reflective of the confusion which existed in the legal community before our *en banc* decision in *Commonwealth v. Koch*, 288 Pa.Superior Ct. 290, 431 A.2d 1052 (1981). That decision made it clear that post-verdict motions are required to be filed in order to preserve issues for appeal after the pronouncement of guilt in *de novo* trials held upon an appeal from the decision of a district justice. *Id. See also* Pa.R.Crim.P. 1123 and recent comment thereto. In the present case, we note that there were no post-verdict motions filed. We cannot, however, find a waiver on this basis because the lower court never apprised appellant Picker on the record of his right to file post-verdict motions as is mandated

1. Although appellants' notices of appeal indicate that these are appeals from the lower court's order, we will consider it as an appeal from the lower court's judgment of sentence.

2. Appellants frame the question on appeal as follows:
   Under all the evidence, was it proper to convict the defendants of violation of the over-weight provisions of the Motor Vehicle Code? Brief for Appellants at 3.

that the court do under Pa.R.Crim.P. 1123(c). *Commonwealth v. Koch, supra.* *See also Commonwealth v. Johnston*, 292 Pa.Superior Ct. 224, 437 A.2d 16; *Commonwealth v. Williams*, 290 Pa.Superior Ct. 158, 434 A.2d 179 (1981). *Cf.* cases with respect to motions to modify sentence under Pa.R.Crim.P. 1405(c), *Commonwealth v. Walton*, 289 Pa. Superior Ct. 411, 433 A.2d 517 (1981); *Commonwealth v. Koziel*, 289 Pa.Superior Ct. 22, 432 A.2d 1031 (1981); *Commonwealth v. Rush*, 281 Pa.Superior Ct. 92, 421 A.2d 1163 (1980). In fact, the lower court, just as the lower courts in *Koch, Williams* and *Johnston* improperly pronounced verdict and sentence simultaneously through a written order made subsequent to the conclusion of the *de novo* trial. This effectively precluded the appellant from having the opportunity to file post-verdict motions which should properly be filed after the verdict is rendered, but before sentence, in this case a fine, is imposed. *See* Comment to Pa.R.Crim.P. 1123. The proper procedure for litigants to follow in this situation would be to file a motion to vacate the improperly imposed judgment of sentence in order to allow for the filing of post-verdict motions. Appellant Picker, however, should not be faulted for his failure to do so because of the confusion which existed before *Koch* and the recent amendments to the Comments to Rules 67 and 1123 of the Rules of Criminal Procedure. *See Commonwealth v. Johnston, supra*, 292 Pa.Super. 227 n.3, 437 A.2d at 18, n.3.

Finally, we note that in this case the lower court, pursuant to Pa.R.App.P. 1925(b), issued an order directing appellant to file of record a concise statement of the matters complained of on appeal. Thus, the appellant did so and the lower court specifically addressed these issues in its opinion in support of an order pursuant to Pa.R. App.P. 1925(a). This, however helpful, is certainly not an adequate substitute for the filing of post-verdict motions because the latter ask the lower court to *reconsider* its decision in light of alleged errors whereas the former

simply requires the court to *justify* and articulate the reasons for its decision. This distinction is crucial in light of the fact that one of the main purposes for requiring post-verdict motions is to give the lower court an opportunity to correct asserted errors at that early stage without necessitating the expenditure of time and judicial energy in taking a costly appeal to the appellate courts. *See Commonwealth v. Koch*, 288 Pa.Superior Ct. at 295, 431 A.2d at 1055. In *Koch*, we stated that "[t]he purpose of such motions is twofold: (1) to afford the trial court in the first instance, the opportunity to correct asserted trial errors; and (2) to clearly and narrowly frame issues for appellate review. *Commonwealth v. Kinsey*, 249 Pa.Superior Ct. 1, 375 A.2d 727 (1977)." While a concise statement of matters complained of on appeal may narrow the issues for review, it does not allow the lower court the opportunity to correct its errors because the notice of appeal has already been filed and the lower court is thereby divested of jurisdiction to act further on the case. Pa.R.App.P. 170(a).

For all of the foregoing reasons, the judgment of sentence is vacated and the case is remanded for the filing of post-verdict motions *nunc pro tunc* within 10 days of the filing of this order. Jurisdiction is relinquished.

*Commonwealth v. Picker*, 292 Pa.Super. 381, 439 A.2d 162 (1981).

For all of the foregoing reasons, the judgment of sentence is vacated and the case is remanded for the filing of post-verdict motions *nunc pro tunc* within 10 days of the filing of this order. Jurisdiction is relinquished.[3]

**3.** The necessity of the action we take instantly is confirmed by that portion of the lower court's opinion of President Judge Toothman *sur* Pa.R.A.P. 1925, wherein he said:

We note at the outset that there were no post hearing motions filed before this Court, and of course, therefore no brief or other paper has been submitted to us to determine the basis upon which the appeal to the higher Court has been taken.

Lower ct. op. at 2.