444 A.2d 1222

**COMMONWEALTH of Pennsylvania**

v.

**Gerald H. KAUFFMAN, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1981.

Filed April 23, 1982.

Kenneth Lee Rotz, Gettysburg, for appellant.

Gary E. Hartman, District Attorney, Gettysburg, did not file a brief on behalf of Commonwealth, appellee.

Before WICKERSHAM, WIEAND, and MONTEMURO, JJ.

WICKERSHAM, Judge:

This is an appeal from the judgment of the Court of Common Pleas of Adams County imposing a fine on appellant for the summary offense of failing to stop a vehicle at the scene of an accident resulting in damage to a vehicle or other property which is driven or attended by any person in violation of the Vehicle Code, 75 Pa.C.S. § 3743(a). Appellant was initially found guilty by District Justice Donald G. Weaver in Gettysburg and ordered to pay a fine. He appealed his summary conviction to the court of common pleas which held a *de novo* trial on the charge before the Honorable Oscar F. Spicer, President Judge on the December 26, 1979 in the Adams County Courthouse. Appellant was again found guilty and ordered to pay a fine of three hundred dollars ($300.00) and the cost of this proceeding, such sentence being handed down immediately after the finding of guilty. This appeal followed.[1]

As we said in *Commonwealth v. Picker*, 293 Pa.Super. 381, 439 A.2d 162 (1981):

1. Appellant is represented by Kenneth Lee Rotz, Esquire, who raises the following issues:
   I. Did the trial Court err in holding that section 3743(a) of the vehicle code, accidents involving damage to attended vehicle or property, 75 PA.C.S.A. § 3743(a) requires culpability on the part of the accused that rises no higher than 'negligence' as defined by section 302(b)(4) of the Crimes Code, 18 PA.C.S.A. § 302(b)(4)?
   II. Was trial counsel ineffective for failing to obtain or call the witness, Kevin Sheely, or to make his testimony available by deposition or interrogatory?
   Brief for Appellant at 3.

The state of this record is reflective of the confusion which existed in the legal community before our *en banc* decision in *Commonwealth v. Koch,* [288] Pa.Superior Ct. [290], 431 A.2d 1052 (1981). That decision made it clear that post-verdict motions are required to be filed in order to preserve issues for appeal after the pronouncement of guilt in *de novo* trials held upon an appeal from the decision of a district justice. *Id.* *See also* Pa.R.Crim.P. 1123 and recent comment thereto. In the present case, we note that there were no post-verdict motions filed. We cannot, however, find a waiver on this basis because the lower court never apprised appellant Picker on the record of his right to file post-verdict motions as is mandated that the court do under Pa.R.Crim.Pr. 1123(c). *Commonwealth v. Koch, supra. See also Commonwealth v. Johnston,* [292] Pa. Superior Ct. [224] [437] A.2d [16], (1981); *Commonwealth v. Williams,* [290] Pa. Superior Ct. [158], [434] A.2d [179], (1981). *Cf.* cases with respect to motions to modify sentence under Pa.R.Crim.P. 1405(c), *Commonwealth v. Walton,* [289] Pa.Superior Ct. [411], 433 A.2d 517 (1981); *Commonwealth v. Koziel,* [289] Pa.Superior Ct. [22], 432 A.2d 1031 (1981); *Commonwealth v. Rush,* [281] Pa.Superior Ct. [92], 421 A.2d 1163 (1980). In fact, the lower court, just as the lower courts in *Koch, Williams* and *Johnston* improperly pronounced verdict and sentence simultaneously through a written order made subsequent to the conclusion of the *de novo* trial. This effectively precluded the appellant from having the opportunity to file post-verdict motions which should properly be filed after the verdict is rendered, but before sentence, in this case a fine, is imposed. *See* Comment to Pa.R.Crim.P. 1123. The proper procedure for litigants to follow in this situation would be to file a motion to vacate the improperly imposed judgment of sentence in order to allow for the filing of post-verdict motions. Appellant Picker, however, should not be faulted for his failure to do so because of the confusion which existed before *Koch* and the recent amendments to the Comments to Rules 67 and 1123 of the

Rules of Criminal Procedure. *See Commonwealth v. Johnston, supra* at [180] n.3.

Finally, we note that in this case the lower court, pursuant to Pa.R.App.P. 1925(b), issued an order directing appellant to file of record a concise statement of the matters complained of on appeal. Thus, the appellant did so and the lower court specifically addressed these issues in its opinion in support of an order pursuant to Pa.R. App.P. 1925(a). This, however helpful, is certainly not an adequate substitute for the filing of post-verdict motions because the latter ask the lower court to *reconsider* its decision in light of alleged errors whereas the former simply requires the court to *justify* and articulate the reasons for its decision. This distinction is crucial in light of the fact that one of the main purposes for requiring post-verdict motions is to give the lower court an opportunity to correct asserted errors at that early stage without necessitating the expenditure of time and judicial energy in taking a costly appeal to the appellate courts. *See Commonwealth v. Koch,* [288] Pa. Superior Ct. at [295], 431 A.2d at 1055. In *Koch,* we stated that '[t]he purpose of such motions is twofold: (1) to afford the trial court in the first instance, the opportunity to correct asserted trial errors; and (2) to clearly and narrowly frame issues for appellate review. *Commonwealth v. Kinsey,* 249 Pa. Superior Ct. 1, 375 A.2d 727 (1977).' While a concise statement of matters complained of on appeal may narrow the issues for review, it does not allow the lower court the opportunity to correct its errors because the notice of appeal has already been filed and the lower court is thereby divested of jurisdiction to act further on the case. Pa.R.App.P. 170(a).

*Id.,* 293 Pa.Superior Ct. at 384, 439 A.2d at 163–64.

For all of the foregoing reasons, the judgment of sentence is vacated and the case is remanded for the filing of post-verdict motions *nunc pro tunc* within ten days of the remittance of the record in this case. Jurisdiction is relinquished.