454

448 A.2d 1129

COMMONWEALTH of Pennsylvania

v.

Edwin J. KANCLE, Jr., Appellant.

Superior Court of Pennsylvania.

Argued April 12, 1982.

Filed July 30, 1982.

Edwin J. Kancle, Jr., Pittsburgh, appellant, in pro. per.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before HESTER, JOHNSON and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from a summary conviction for racing on a highway.[1] Appellant was found guilty by a local magistrate who fined appellant, Edwin Kancle, two hundred and ten dollars. Appellant then appealed this decision to the Court of Common Pleas of Allegheny County for a de novo trial. Following this trial, the court also found appellant guilty of racing and sentenced him to pay a fine of two hundred dollars plus costs. From this sentence, appellant has taken the instant appeal. We reverse and remand for the reasons given herein.

Appellant, in his pro se brief, raises the following issues: (1) whether the evidence was insufficient to establish that the police officer was in a position to see the appellant's vehicle and another vehicle racing on the highway; (2) whether the trial court erred when it said that the police officer heard and then saw the vehicles; and, (3) whether the police officer's testimony concerning the fact that the vehicles were speeding was speculative since it was based on the police officer's experience in determining speed.

■ We, however, are unable to exercise a review of the record on appeal because appellant was not informed of his right to file post-verdict motions within ten days of the imposition of sentence. Although appellant's trial was held on July 28, 1981, which was more than three weeks *after* this

1. 75 Pa.C.S.A. 3367.

Court's decision in *Commonwealth v. Koch*, 288 Pa.Super. 290, 431 A.2d 1052 (1981), the state of the record in the instant case is

"reflective of the confusion which existed in the legal community *before* our *en banc* decision in *Commonwealth v. Koch*, [288] Pa.Superior Ct. [290], 431 A.2d 1052 (1981). That decision made it clear that post-verdict motions are required to be filed in order to preserve issues for appeal after the pronouncement of guilt in *de novo* trials held upon an appeal from the decision of a district justice. *Id. See also* Pa.R.Crim.P. 1123 and recent comment thereto. In the present case, we note that there were no post-verdict motions filed. We cannot, however, find a waiver on this basis because the lower court never apprised appellant ... on the record of his right to file post-verdict motions as is mandated that the court do under Pa.R.Crim.P. 1123(c). *Commonwealth v. Koch, supra. See also Commonwealth v. Johnston*, 292 Pa.Superior Ct. 224, 437 A.2d 16; *Commonwealth v. Williams*, 290 Pa.Superior Ct. 158, 434 A.2d 179 (1981). *Cf.* cases with respect to motions to modify sentence under Pa.R.Crim.P. 1405(c), *Commonwealth v. Walton*, [289] Pa.Superior Ct. [411], 433 A.2d 517 (1981); *Commonwealth v. Koziel*, [289] Pa.Superior Ct. [22], 432 A.2d 1031 (1981); *Commonwealth v. Rush*, 281 Pa.Superior Ct. 92, 421 A.2d 1163 (1980). In fact, the lower court, just as the lower courts in *Koch, Williams* and *Johnston* improperly pronounced verdict and sentence simultaneously through a written order made subsequent to the conclusion of the *de novo* trial. This effectively precluded the appellant from having the opportunity to file post-verdict motions which should properly be filed after the verdict is rendered, but before sentence, in this case a fine, is imposed. *See* Comment to Pa.R.Crim.P. 1123."

*Commonwealth v. Picker*, 293 Pa.Super. 381, 383–84, 439 A.2d 162, 163, 164 (1982) (Emphasis added).

Under these circumstances, we will not find that a waiver has occurred.

 The judgment of sentence is vacated, and the case is remanded for the filing of post-verdict motions nunc pro tunc within ten days of the remittance of the record in this case.[2] Jurisdiction is relinquished.

2. We note that the trial court did not file an opinion in support of its order; however, the trial court's reasons for its disposition of the case briefly were recited at the close of the de novo trial. In the event that other issues on remand are raised in appellant's post-verdict motions, we are hopeful that the trial court will insure that the reasons for its order will appear on the record.