449 A.2d 624

**COMMONWEALTH of Pennsylvania**

**v.**

**Vivian S. COGAN, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 2, 1981.

Filed Aug. 6, 1982.

Kenneth B. Burkley, Greensburg, for appellant.

Bernard F. Scherer, Assistant District Attorney, Latrobe, for Commonwealth, appellee.

Before WICKERSHAM, WIEAND and BECK, JJ.

PER CURIAM:

Vivian S. Cogan was found guilty before a magistrate of speeding in violation of Section 3362(a)(3) of the Vehicle Code.[1] Upon appeal and hearing de novo before the Court of Common Pleas of Westmoreland County, she was again found guilty and sentenced to pay a fine of $59.00, plus costs of prosecution. On appeal to this Court, she raises the interesting issue of whether the Borough of Latrobe could validly post a state highway which passed through the borough with 25 mph speed limit signs. Unfortunately, we are obliged to quash the appeal because appellant failed to file post trial motions in the trial court.

Trial de novo in this case was held prior to the decision in *Commonwealth v. Koch*, 288 Pa.Super. 290, 431 A.2d 1052 (1981) and prior to the revised comment to Pa.R.Crim.P. 1123. The comments of President Judge Cercone in *Commonwealth v. Picker*, 293 Pa.Super. 381, 439 A.2d 162 (1981), therefore, are presently apt.

> The state of this record is reflective of the confusion which existed in the legal community before our *en banc* decision in *Commonwealth v. Koch*, 288 Pa.Superior Ct. 290, 431 A.2d 1052 (1981). That decision made it clear that post-verdict motions are required to be filed in order to preserve issues for appeal after the pronouncement of guilt in *de novo* trials held upon an appeal from the decision of a district justice. *Id. See also* Pa.R.Crim.P. 1123 and recent comment thereto. In the present case, we note that there were no post-verdict motions filed. We cannot, however, find a waiver on this basis because the lower court never apprised appellant Picker on the record

1. 75 Pa.C.S. § 3362(a)(3).

of his right to file post-verdict motions as is mandated that the court do under Pa.R.Crim.Pr. 1123(c). *Commonwealth v. Koch, supra. See also Commonwealth v. Johnston,* 292 Pa.Superior Ct. 224, 437 A.2d 16 (1981); *Commonwealth v. Williams,* 290 Pa.Superior Ct. 158, 434 A.2d 179 (1981). *Cf.* cases with respect to motions to modify sentence under Pa.R.Crim.P. 1405(c), *Commonwealth v. Walton,* 289 Pa.Superior Ct. 411, 433 A.2d 517 (1981); *Commonwealth v. Koziel,* 289 Pa.Superior Ct. 22, 432 A.2d 1031 (1981); *Commonwealth v. Rush,* 281 Pa.Superior Ct. 92, 421 A.2d 1163 (1980). In fact, the lower court, just as the lower courts in *Koch, Williams* and *Johnston* improperly pronounced verdict and sentence simultaneously through a written order made subsequent to the conclusion of the *de novo* trial. This effectively precluded the appellant from having the opportunity to file post-verdict motions which should properly be filed after the verdict is rendered, but before sentence, in this case a fine, is imposed. *See* Comment to Pa.R.Crim.P. 1123. The proper procedure for litigants to follow in this situation would be to file a motion to vacate the improperly imposed judgment of sentence in order to allow for the filing of post-verdict motions. Appellant Picker, however, should not be faulted for his failure to do so because of the confusion which existed before *Koch* and the recent amendments to the Comments to Rules 67 and 1123 of the Rules of Criminal Procedure. *See Commonwealth v. Johnston, supra,* 292 Pa.Superior Ct. at 227 n.3, 437 A.2d 16.

*Id.,* at 293 Pa.Superior Ct. 384–385, 439 A.2d at 163–164. *See also Commonwealth v. Kauffman,* 298 Pa.Super. 375, 444 A.2d 1222 (1982); *Commonwealth v. Grey,* 298 Pa.Super. 525, 445 A.2d 112 (1982); *Commonwealth v. Dalbon,* 296 Pa.Super. 122, 442 A.2d 326 (1982); *Commonwealth v. Sims,* 296 Pa.Super. 309, 442 A.2d 783 (1982); *Commonwealth v. Spitzer,* 292 Pa.Super. 466, 437 A.2d 768 (1981).

The order and judgment of sentence are vacated, and the case is remanded for the filing of post-verdict motions nunc

156

pro tunc within 10 days of the filing of this order. Jurisdiction is not retained.