450 A.2d 74

**COMMONWEALTH of Pennsylvania**

v.

**Larry SCHILDT, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1981.

Filed Aug. 27, 1982.

Victor Alfred Neubaum, York, for appellant.

Floyd Paul Jones, Assistant District Attorney, York, submitted a brief on behalf of Commonwealth, appellee.

Before WICKERSHAM, WIEAND and MONTEMURO, JJ.

10

PER CURIAM:

Larry Schildt was convicted before a magistrate of the summary offense of driving an overweight truck in violation of The Vehicle Code of June 17, 1976, P.L. 162, No. 81, 75 Pa.C.S. § 4943(a). On appeal to the Court of Common Pleas of York County, he was tried de novo and again found guilty. He was sentenced to pay a fine of $1,100.00 plus costs. On direct appeal he argues that his truck was stopped by police and weighed in violation of his Fourth Amendment right to be free from unreasonable searches and seizures. However, because he failed to file post-verdict motions as required by Pa.R.Crim.P. 1123, we cannot decide this issue.

Appellant was found guilty and sentence was imposed immediately following the conclusion of his trial de novo. The record discloses, however, that appellant was not then advised of the necessity for filing post-trial motions. Thus, it cannot be said that he knowingly and intelligently waived the right to raise post-trial the validity of the police stop of his vehicle. This state of the record, as President Judge Cercone observed in *Commonwealth v. Picker,* 293 Pa.Super. 381, 382, 439 A.2d 162, 163 (1981), "is reflective of the confusion which existed in the legal community before our en banc decision in *Commonwealth v. Koch,* 288 Pa.Super. 290, 431 A.2d 1052 (1981)." Where direct appeals have been taken prior to *Koch* without post-verdict motions having been filed in the trial court, we have uniformly vacated the judgment of sentence and have remanded to give appellant an opportunity to file post-verdict motions nunc pro tunc. See: *Commonwealth v. Kauffman,* 298 Pa.Super. 375, 444 A.2d 1222 (1982); *Commonwealth v. Grey,* 298 Pa.Super. 525, 445 A.2d 112 (1982); *Commonwealth v. Dalbon,* 296 Pa.Super. 122, 442 A.2d 326 (1982); *Commonwealth v. Sims,* 296 Pa.Super. 309, 442 A.2d 783 (1982); *Commonwealth v. Spitzer,* 292 Pa.Super. 466, 437 A.2d 768 (1981); *Commonwealth v. Picker, supra.*

The judgment of sentence is vacated, and the case is remanded for the filing of post-verdict motions nunc pro tunc within ten (10) days of the filing of this order. Jurisdiction is not retained.