451 A.2d 749

**COMMONWEALTH of Pennsylvania**

v.

**FLORIDA–EASTERN U.S. VAN LINES, INC., Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 7, 1982.

Filed Oct. 8, 1982.

William P. Thorn, Philadelphia, for appellant.

Joseph A. Smyth, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before SPAETH, CAVANAUGH and MONTEMURO, JJ.

PER CURIAM:

This is an appeal from a judgment of sentence of the Court of Common Pleas of Montgomery County imposing a $100.00 fine plus costs upon Florida-Eastern U.S. Van Lines, Inc., for failure to affix an identification marker on a motor vehicle registered in New Jersey. 75 Pa.C.S.A. § 2101, *et. seq.* Appellant was initially found guilty and fined by a district justice. Following an appeal to the Common Pleas Court, a *de novo* trial was held and appellant was again

found guilty and ordered to pay a fine plus costs. This appeal followed.

■ On appeal, appellant argues that the $25.00 fee required for the issuance of an identification marker is unconstitutional insofar as it applies only to motor carrier vehicles registered in foreign states. 75 Pa.C.S.A. § 2102(b). We cannot reach the merits of this claim, however, since there is no indication in the record that appellant filed post-verdict motions in accordance with Pa.R.Crim.P. 1123. On the other hand, there is also no indication in the record that appellant was advised, after verdict, of its right to file post-verdict motions and the consequence of failure to so file. Pa.R. Crim.P. 1123(c).

Appellant's *de novo* trial was held in May, 1981, shortly before the decision of this Court in *Commonwealth v. Koch,* 288 Pa.Super. 290, 431 A.2d 1052 (1981) (post-verdict motions required to preserve issues for appeal following *de novo* trial in summary cases). Recently, in *Commonwealth v. Picker,* 293 Pa.Super. 381, 383–384, 439 A.2d 162, 163–164 (1981), President Judge Cercone discussed the application of *Koch* to cases predating the decision in that case:

The state of this record is reflective of the confusion which existed in the legal community before our *en banc* decision in *Commonwealth v. Koch,* 288 Pa.Superior Ct. 290, 431 A.2d 1052 (1981). That decision made it clear that post-verdict motions are required to be filed in order to preserve issues for appeal after the pronouncement of guilt in *de novo* trials held upon an appeal from the decision of a district justice. *Id. See also* Pa.R.Crim.P. 1123 and recent comment thereto. In the present case, we note that there were no post-verdict motions filed. We cannot, however, find a waiver on this basis because the lower court never apprised appellant Picker on the record of his right to file post-verdict motions as is mandated that the court do under Pa.R.Crim.P. 1123(c). *Commonwealth v. Koch, supra. See also Commonwealth v. Johnston,* 292 Pa.Superior Ct. 224, 437 A.2d 16, 1981; *Commonwealth v. Williams,* 290 Pa.Superior Ct. 158, 434 A.2d 179

(1981). *Cf.* cases with respect to motions to modify sentence under Pa.R.Crim.P. 1405(c), *Commonwealth v. Walton,* 289 Pa.Superior Ct. 411, 433 A.2d 517 (1981); *Commonwealth v. Koziel,* 289 Pa.Superior Ct. 22, 432 A.2d 1031 (1981); *Commonwealth v. Rush,* 281 Pa.Superior Ct. 92, 421 A.2d 1163 (1980). In fact, the lower court, just as the lower courts in *Koch, Williams* and *Johnston* improperly pronounced verdict and sentence simultaneously through a written order made subsequent to the conclusion of the *de novo* trial. This effectively precluded the appellant from having the opportunity to file post-verdict motions which should properly be filed after the verdict is rendered, but before sentence, in this case a fine, is imposed. *See* Comment to Pa.R.Crim.P. 1123. The proper procedure for litigants to follow in this situation would be to file a motion to vacate the improperly imposed judgment of sentence in order to allow for the filing of post-verdict motions. Appellant Picker, however, should not be faulted for his failure to do so because of the confusion which existed before *Koch* and the recent amendments to the Comments to Rules 67 and 1123 of the Rules of Criminal Procedure. *See Commonwealth v. Johnston, supra* [292 Pa.Superior Ct.] at 227 n. 3, 437 A.2d 16 n. 3.

Accordingly, in *Picker,* the judgment of sentence was vacated and the case remanded for the filing of post-verdict motions *nunc pro tunc* within ten days. *See also Commonwealth v. Cogan,* 303 Pa.Super. 53, 449 A.2d 624 (1982); *Commonwealth v. Ferrone,* 302 Pa.Super. 280, 448 A.2d 637 (1982); *Commonwealth v. Bonnarigo,* 300 Pa.Super. 276, 448 A.2d 634 (1982); *Commonwealth v. Patterson,* 299 Pa.Super. 146, 445 A.2d 191 (1982); *Commonwealth v. Cascario,* 298 Pa.Super. 519, 445 A.2d 109 (1982); *Commonwealth v. Kauffman,* 298 Pa.Super. 375, 444 A.2d 1222 (1982); *Commonwealth v. McNelis,* 297 Pa.Super. 4, 442 A.2d 1184 (1982); *Commonwealth v. Gates,* 295 Pa.Super. 213, 441 A.2d 425 (1982).

We recognize that appellant raised, and the lower court considered, the constitutionality question posed in the in-

stant appeal. However, as we said in *Commonwealth v. Picker,* 293 Pa.Super. at 384, 439 A.2d at 164, this cannot substitute for the filing of post-verdict motions:

Finally, we note that in this case the lower court, pursuant to Pa.R.App.P. 1925(b), issued an order directing appellant to file of record a concise statement of the matters complained of on appeal. Thus, the appellant did so and the lower court specifically addressed these issues in its opinion in support of an order pursuant to Pa.R. App.P. 1925(a). This, however helpful, is certainly not an adequate substitute for the filing of post-verdict motions because the latter ask the lower court to *reconsider* its decision in light of alleged errors whereas the former simply requires the court to *justify* and articulate the reasons for its decision. This distinction is crucial in light of the fact that one of the main purposes for requiring post-verdict motions is to give the lower court an opportunity to correct asserted errors at that early stage without necessitating the expenditure of time and judicial energy in taking a costly appeal to the appellate courts. *See Commonwealth v. Koch,* 288 Pa.Superior Ct. at 295, 431 A.2d at 1055. In *Koch,* we stated that '[t]he purpose of such motions is twofold: (1) to afford the trial court in the first instance, the opportunity to correct asserted trial errors; and (2) to clearly and narrowly frame issues for appellate review. *Commonwealth v. Kinsey,* 249 Pa.Superior Ct. 1, 375 A.2d 727 (1977).' While a concise statement of matters complained of on appeal may narrow the issues for review, it does not allow the lower court the opportunity to correct its errors because the notice of appeal has already been filed and the lower court is thereby divested of jurisdiction to act further on the case. Pa.R.App.P. 1701(a).

Judgment of sentence vacated and case remanded for the filing of post-verdict motions *nunc pro tunc.*

We do not retain jurisdiction.