464 A.2d 503

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF LABOR AND INDUSTRY,**

v.

**Joseph GIUGLIANO, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 15, 1982.

Filed Aug. 12, 1983.

Stephen P. Ellwood, Pottsville, for appellant.

William C. Steppacher, Dunmore, for appellee.

Before CAVANAUGH, BECK and MONTEMURO, JJ.

PER CURIAM:

This is an appeal from a conviction and judgment of sentence for a summary violation of the Wage Payment and Collection Law, 43 P.S. 260.1 *et seq.* Appellant was prosecuted by the Department of Labor and Industry for the summary offenses of failing to pay wages to forty-two (42) employees of Cheryl Ann, Inc., for the week ending March 16, 1979. A district justice found appellant guilty, and an appeal was taken to the Court of Common Pleas of Snyder County. The court found appellant guilty, sentenced him to a fine of one hundred dollars ($100.00) plus costs for each unpaid employee. This appeal followed.

On appeal, appellant raises the following contentions: (1) his right to appeal is not waived; (2) the evidence is insufficient to sustain the verdict because the Commonwealth failed to prove he was an officer of the corporation and that he was liable for payment of the wages in question; (3) the Commonwealth violated his equal protection rights by prosecuting him and dismissing the charges against the corporation's president. We cannot reach the merits on all of appellant's claims, however, since there is no indication in the record that appellant filed post-verdict motions in accordance with Pa.R.Crim.P. 1123. On the other hand, there is also no indication in the record that appellant was advised, after verdict, of his right to file post-verdict motions and the consequence of the failure to so file. Pa.R.Crim.P. 1123(c).

Appellant's *de novo* trial was held in December of 1980 which was prior to the decision of this court in *Commonwealth v. Koch*, 288 Pa.Super. 290, 431 A.2d 1052 (1981) (post-verdict motions are required to preserve issues for appeal following a *de novo* trial in summary cases). In *Commonwealth v. Picker*, 293 Pa.Super. 381, 383–384, 439 A.2d 162, 163–164 (1981), President Judge Cercone dismissed the application of *Koch* to cases predating the decision in that case:

The state of this record is reflective of the confusion which existed in the legal community before our *en banc* decision in *Commonwealth v. Koch*, 288 Pa.Superior Ct. 290, 431 A.2d 1052 (1981). That decision made it clear that post-verdict motions are required to be filed in order to preserve issues for appeal after the pronouncement of guilt in *de novo* trials held upon an appeal from the decision of a district justice. *Id. See also* Pa.R.Crim.P. 1123 and recent comment thereto. In the present case, we note that there were no post-verdict motions filed. We cannot, however, find a waiver on this basis because the lower court never apprised appellant Picker on the record of his right to file post-verdict motions as is mandated that the court do under Pa.R.Crim.Pr. 1123(c).

*Commonwealth v. Koch, supra. See also Commonwealth v. Johnston,* 292 Pa.Superior Ct. 224, 437 A.2d 16, (1981); *Commonwealth v. Williams,* 290 Pa.Superior Ct. 158, 434 A.2d 179 (1981). *Cf.* cases with respect to motions to modify sentence under Pa.R.Crim.P. 1405(c), *Commonwealth v. Walton,* 289 Pa.Superior Ct. 411, 433 A.2d 517 (1981); *Commonwealth v. Koziel,* 289 Pa.Superior Ct. 22, 432 A.2d 1031 (1981); *Commonwealth v. Rush,* 281 Pa.Super.Ct. 92, 421 A.2d 1163 (1980). In fact, the lower court, just as the lower courts in *Koch, Williams* and *Johnston* improperly pronounced verdict and sentence simultaneously through a written order made subsequent to the conclusion of the *de novo* trial. This effectively precluded the appellant from having the opportunity to file post-verdict motions which should properly be filed after the verdict is rendered, but before sentence in this case a fine, is imposed. *See* Comment to Pa.R.Crim.P. 1123. The proper procedure for litigants to follow in this situation would be to file a motion to vacate the improperly imposed judgment of sentence in order to allow for the filing of post-verdict motions. Appellant Picker, however, should not be faulted for his failure to do so because of the confusion which existed before *Koch* and the recent amendments to the Comments to Rules 67 and 1123 of the Rules of Criminal Procedure. *See Commonwealth v. Johnston, supra* [292 Pa.Super.] 224 at 227 n. 3, 437 A.2d 16 at 18 n. 3.

Accordingly, in *Picker,* the judgment of sentence was vacated and the case remanded for the filing of post-verdict motions *nunc pro tunc* within ten days. *See also Commonwealth v. Ivey,* 307 Pa.Super. 274, 453 A.2d 349 (1982); *Commonwealth v. Florida-Eastern Van Lines, Inc.,* 305 Pa.Super. 481, 451 A.2d 749 (1982); *Commonwealth v. Cogan,* 303 Pa.Super. 153, 449 A.2d 624 (1982); *Commonwealth v. Ferrone,* 302 Pa.Super. 282, 448 A.2d 637 (1982); *Commonwealth v. Patterson,* 296 Pa.Super. 146, 445 A.2d 191 (1982); *Commonwealth v. Cascario,* 298 Pa.Super. 519, 445 A.2d 109 (1982); *Commonwealth v. Kauffman,* 298

Pa.Super. 375, 444 A.2d 1222 (1982); *Commonwealth v. McNelis,* 297 Pa.Super. 4, 442 A.2d 1184 (1982).

We recognize appellant claims his right to appeal is not waived due to the applicability of *Koch* in this matter. However, appellant further contends a remand is unnecessary because the record is adequate for this court to dispose of all claims on the merits. We disagree that a remand is unnecessary. In *Koch* the lower court at least had the opportunity to justify and articulate the reason for its decision because it issued an order pursuant to Pa.R.App.P. 1925(b), although this is not a substitute for post-verdict motions. *Commonwealth v. Koch, supra.* In the instant appeal both post-verdict motions and a concise statement of matters complained of on appeal pursuant to Pa.R.App.P. 1925(b) are absent. Therefore, the lower court in this case did not have the opportunity to reconsider its decision in light of any alleged error nor did it have the chance to express the reasons for its decision on all the issues raised in this appeal.

Judgment of sentence vacated and case remanded for the filing of post-verdict motions *nunc pro tunc.*