393 A.2d 959

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**William John SINWELL, Appellant.**

Superior Court of Pennsylvania.

Submitted June 12, 1978.

Decided Oct. 27, 1978.

William John Sinwell, appellant, in pro. per.

George E. Christianson, District Attorney, Lebanon, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

HESTER, Judge:

This is an appeal from a dismissal, without a hearing, of a pro se petition filed under the Post Conviction Hearing Act, Act of January 25, 1966, P.L. 1580 (19 P.S. §§ 1180—1 et seq.). In his petition, appellant alleged, inter alia, the ineffectiveness of his former PCHA lawyer, attorney Joseph M. Hill, Jr. of the Lebanon County Bar. The trial court concluded that this claim was "refuted by a glance at the record", and denied both a hearing and appellant's request for appointment of counsel.[1] The only issue we consider is

1. Appellant alleged he was indigent.

whether the court was correct in summarily dismissing appellant's uncounseled PCHA petition.[2] We reverse.

Rule 1503(a) of the Pa.Rules of Criminal Procedure requires the court to appoint counsel in PCHA proceedings once petitioner satisfies the court of his indigency. The only exception is set forth in Rule 1504:

—Summary Dispositions—

Appointment of counsel shall not be necessary and petitions may be disposed of summarily when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he was either afforded the opportunity to have counsel appointed or was represented by counsel in proceedings thereon.[3]

Although appellant has filed previous PCHA petitions and has had certain issues litigated adversely to him in counseled proceedings,[4] it is clear that the ineffectiveness of the prior PCHA attorney has never been raised and hence, never

**2.** Specifically, appellant alleged his counsel was ineffective in 1) failing to file an amended PCHA petition; 2) failing to vigorously argue appellant's contentions at a PCHA hearing; 3) failing to send certain transcripts to appellant in a timely manner.

**3.** Rule 1504 supersedes Sec. 12 of the PCHA, 19 P.S. §§ 1180–12, which permitted summary disposition without counsel if petitioner's claim was "patently frivolous and without trace of support in the record." See *Commonwealth v. Blair*, 470 Pa. 598, 369 A.2d 1153 (1977).

**4.** Indeed, the record indicates no less than two trials, four PCHA petitions, and three attorneys. The first petition, filed in 1970 after appellant's conviction on charges of burglary, larceny, RSG, and forgery, resulted in a new trial. After his second conviction, appellant challenged, in a counseled appeal, the legality of his sentence. Our Court affirmed, *Commonwealth v. Sinwell*, 223 Pa.Super. 544, 302 A.2d 400 (1973), and the Supreme Court denied allocatur. There followed the second PCHA petition with two counseled hearings and two opinions by the lower court denying relief. The averments in his petition and at the hearings dealt in large part with the legality of appellant's sentence, newly discovered evidence, and the possibility of perjured testimony at trial. Our Court again affirmed, per curiam, the denial of relief, and the Supreme Court denied allowance of an appeal. Appellant's third PCHA petition appears never to have been disposed of. The instant petition, appellant's fourth, was filed July 29, 1977 and encompasses all of the issues in the third petition.

litigated. Moreover, appellant has raised counsel's ineffectiveness at the first available opportunity since the instant petition is the first proceeding subsequent to Attorney Hill's representation. Hence, there is no waiver. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).[5]

Our Supreme Court has insisted on a strict construction of Rule 1504. See *Commonwealth v. Blair*, 470 Pa. 598, 369 A.2d 1153 (1977); *Commonwealth v. Bradley*, 470 Pa. 602, 369 A.2d 1155 (1977); *Commonwealth v. Patterson*, 470 Pa. 618, 369 A.2d 1163 (1977); *Commonwealth v. Triplett*, 467 Pa. 510, 359 A.2d 392 (1976).

Our prior caselaw has consistently adopted a strict construction of the language of the Rule. As stated in *Commonwealth v. Adams*, 465 Pa. 389, 350 A.2d 820 (1976) in considering a similar claim we held:

"Without reaching the merits of appellant's substantive claims, we hold that the summary dismissal of the petition in this case without appointment of counsel was error. Pa.R.Crim.P. 1503(a), suspending in part and superseding Section 12 of the Post Conviction Hearing Act, places an affirmative duty on the hearing court to appoint counsel for an indigent petitioner before disposition of his petition. *Commonwealth v. Schmidt*, 436 Pa. 139, 259 A.2d 460 (1969); accord, *Commonwealth v. Connor*, 462 Pa. 278, 341 A.2d 79 (1975); *Commonwealth v. Minnick*, 427 Pa. 399, 235 A.2d 150 (1969). Summary disposition of a petition, without appointment of counsel, is permitted only 'when a previous petition involving the same issue or issues has been finally determined adversely to the petitioner and he . . . was represented by counsel in proceedings thereon.' Pa.R.Crim.P. 1504. See *Commonwealth v. Smith*, 459 Pa. 583, 330 A.2d 851 (1975); *Commonwealth v. Haynes*, 234 Pa.Super. 556, 340 A.2d 462 (1975)". (Footnote omitted) Id., 465 Pa. at 391, 350 A.2d at 821–22.

5. Even if the contentions of counsel's ineffectiveness were waived, the court may still not dismiss summarily a pro se petition on that ground. *Commonwealth v. Minnick*, 436 Pa. 42, 258 A.2d 515 (1969).

See also *Commonwealth v. Triplett*, 467 Pa. 910, 359 A.2d 392 (1976).

Since appellant did allege indigency and requested appointment of counsel, it was incumbent upon the hearing court to determine whether Blair was indigent and if so, counsel should have been appointed to assist him. *Commonwealth v. Triplett*, supra; *Commonwealth v. Adams*, supra. Accordingly, the matter is remanded to the trial court for further proceedings consistent with this opinion. Moreover, if it is determined that appellant is entitled to the appointment of counsel, he may, upon request amend his petition.

*Blair*, supra, 470 Pa. at 601, 369 A.2d at 1154.

Inasmuch as appellant did allege indigency and requested appointment of counsel, we have no choice but to remand for an Evidentiary Hearing to determine whether appellant was indigent, and if so, for the appointment of counsel to assist him.

It is so ordered.

HOFFMAN, J., did not participate in the consideration or decision of this case.