413 A.2d 732

**COMMONWEALTH of Pennsylvania,**

v.

**Ernest Lewis MARCOCELLI, Appellant.**

Superior Court of Pennsylvania.

Argued July 9, 1979.

Filed Nov. 2, 1979.

Petition for Allowance of Appeal Denied Aug. 11, 1980.

412

Susan J. Gilhooly, Assistant Public Defender, West Chester, for appellant.

Janet L. Crawford, Assistant District Attorney, West Chester, for Commonwealth, appellee.

414

Before WIEAND, NIX and WEKSELMAN, JJ.*

WIEAND, Judge:

Ernest Lewis Marcocelli appeals following convictions of voluntary manslaughter and aggravated assault. He alleges several trial errors and an insufficiency of evidence to support the convictions. We disagree and, accordingly, affirm.

■ In determining the sufficiency of the evidence "the test is whether viewing the entire record in the light most favorable to the Commonwealth and drawing all reasonable inferences favorable to the Commonwealth, there is sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt." *Commonwealth v. Smith,* 484 Pa. 71, 73, 398 A.2d 948, 949 (1979).

Appellant and Samuel Fazzini were neighbors who lived in adjoining homes on North Church Street, Downingtown, Chester County. For several years Fazzini and appellant had been quarreling, primarily about the condition of appellant's premises. On July 8, 1975, a verbal exchange took place, during which appellant threatened Fazzini with a stick. Anthony Fazzini, believing his son to be in danger, picked up a pipe and approached the quarreling neighbors. Appellant and Samuel Fazzini thereupon separated, with each retiring to his own home. A short time later, appellant emerged from the side door of his house carrying a shotgun. Fazzini also emerged and rejoined his father on the pathway in front of his house. After appellant had walked to the corner of his house, he fired three shots at the Fazzinis. Samuel Fazzini was killed, and his father was seriously injured.

Appellant contended that he had shot in self-defense. He testified that the decedent had started the argument and had pointed a gun at him. Appellant said that after he had entered his house, the decedent and his father continued to

* Justice ROBERT N. C. NIX, Jr., of the Supreme Court of Pennsylvania and Judge I. MARTIN WEKSELMAN of the Court of Common Pleas, Allegheny County, Pennsylvania, are sitting by designation.

threaten him; and, therefore, he armed himself with the shotgun and returned to the front yard. A pistol and spent cartridge were found lying near the body of the decedent. Eyewitnesses, however, did not observe that the decedent had a pistol or threatened appellant in any way prior to the shooting.

■ For a killing to be justified on the grounds of self-defense, the following elements must be present: "(1) the slayer must have been free from fault in provoking or continuing the difficulty which resulted in the killing; (2) the slayer must have reasonably believed that he was in imminent danger of death, great bodily harm or some felony, and that there was a necessity to kill in order to save himself therefrom; and, (3) the slayer must not have violated any duty to retreat or avoid the danger." *Commonwealth v. Smith*, supra, 484 Pa. at 76, 398 A.2d at 951. See also: *Commonwealth v. Black*, 474 Pa. 47, 376 A.2d 627 (1977); *Commonwealth v. Lowe*, 460 Pa. 357, 333 A.2d 765 (1975); *Commonwealth v. Johnston*, 438 Pa. 485, 263 A.2d 376 (1970).

■ Where, as here, evidence is conflicting, it is for the trier of the facts to determine the credibility of the witnesses and the weight to be given the evidence. The jury is free to believe all, part or none of the evidence. *Commonwealth v. Smith*, supra. When the evidence is viewed in the light most favorable to the Commonwealth, it is clear that it was sufficient to support the verdict.

■ Appellant contends that the trial court erred by giving jury instructions which permitted the jury to consider whether he could have avoided the necessity for using deadly force with complete safety to himself by retreating. He argues that the lawn at the front of his house should have been considered either (1) part of his dwelling, or (2) his place of work, and that there was no duty to retreat therefrom.

Section 505(b)(2) of the Pennsylvania Crimes Code, 18 Pa.C.S. § 505(b)(2) provides, in pertinent part:

The use of deadly force is not justifiable under this section unless the actor believes that such force is necessary to protect himself against death, serious bodily injury, kidnapping or sexual intercourse compelled by force or threat; nor is it justifiable if:

. . . . .

(ii) The actor knows that he can avoid the necessity of using such force with complete safety by retreating . . except that: (A) the actor is not obliged to retreat from his dwelling or place of work, unless he was the initial aggressor . . . .

■ The term "dwelling" is defined in Section 501 of the Crimes Code, 18 Pa.C.S. § 501, as "Any building or structure though movable or temporary, or a portion thereof, which is for the time being the home or place of lodging of the actor." The front lawn or yard area surrounding the building or structure is not included in the definition of "dwelling". In such an area, therefore, there exists a duty to retreat if the actor can by so doing avoid the necessity for using deadly force with complete safety to himself. The trial court instructed the jury agreeably with the provisions of the Crimes Code, and we perceive no error.

■ The term "place of work" is not defined by the Crimes Code. Nevertheless, it seems clear that appellant was not at his "place of work" when the shooting occurred. Therefore, he was not entitled to a charge relieving him of the duty to retreat. Although appellant made occasional sales of tires, which he stored at the rear of his house, there were no tires within forty feet of the front yard where the argument and shooting took place. The "place of work" exception to the duty of retreat was inapplicable, and the trial court did not err by refusing to charge thereon.

■ The Commonwealth contended at trial that the shooting had been motivated by ill will between appellant and the deceased victim. It sought to prove this fact by showing the existence of filthy conditions on appellant's premises and the constant quarrels which were caused thereby. There was

also testimony that Fazzini had complained to municipal officers about Fire Code violations committed by appellant and that appellant was aware that complaints had been made by his neighbor. Appellant contends that this was error.

 Evidence of prior altercations and quarrels between victim and defendant is admissible for the purpose of proving ill will, motive or malice. *Commonwealth v. Ulatoski*, 472 Pa. 53, 371 A.2d 186 (1977). Even prior criminal activity is admissible when offered for the purpose of proving motive. *Commonwealth v. Chism*, 480 Pa. 233, 389 A.2d 1041 (1978); *Commonwealth v. Glover*, 446 Pa. 492, 286 A.2d 349 (1972). The trial court did not err by permitting evidence of quarrels between appellant and the decedent, even though the evidence necessarily included references to the conditions which caused them. Moreover, the trial court carefully instructed the jury concerning the limited purpose for which this evidence was being received. Cf. *Commonwealth v. Detrie*, 263 Pa.Super. 75, 397 A.2d 2 (1979).

 Finally, in a supplemental brief filed in this court, appellant contends that the trial judge erred by refusing a defense request to instruct the jury on involuntary manslaughter. We do not reach the merits of this issue, for it has not been properly preserved. Although the issue was included in post-trial motions filed by appellant's trial counsel, it was neither briefed nor argued before the court en banc. The lower court, therefore, did not consider the issue but treated it as having been abandoned. We agree and will not entertain this claim on appeal. *Commonwealth v. Holzer*, 480 Pa. 93, 389 A.2d 101 (1978); *Commonwealth v. Williams*, 476 Pa. 557, 383 A.2d 503 (1978). Additionally, when the lower court requested appellant to file a statement of the matters complained of on appeal, he filed a list of issues which did not include the failure of the trial judge to charge on involuntary manslaughter. Therefore, we deem the issue waived. Pa.Rules of App.Proc. 1925(b). See also: *Commonwealth v. Silver*, 260 Pa.Super. 232, 393 A.2d 1239 (1978).

The judgment of sentence is affirmed.