422 A.2d 655

**COMMONWEALTH of Pennsylvania**

v.

**Archie JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1980.

Filed Nov. 7, 1980.

John W. Packel, Chief, Appeals, Assistant Public Defender, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, HOFFMAN and CIRILLO *, JJ.

CIRILLO, Judge:

On April 1, 1974, the appellant pled guilty to the charge of burglary and was sentenced to four years probation upon condition of receiving in–patient treatment at Eagleville Hospital. On October 5, 1976, appellant was found to have violated probation by Judge Rosenberg who sentenced him to three years probation under the supervision of the drug unit of the probation department. On September 21, 1978, a hearing summary charging appellant with technical violations of probation was issued by the probation department. The Commonwealth also alleges that on December 5, 1978, a second hearing summary was issued which included *all* the violations with which appellant was subsequently charged. Appellant denies receipt of this summary.

* Judge VINCENT A. CIRILLO, of the Court of Common Pleas of Montgomery County, Pennsylvania, is sitting by designation.

Thereafter, appellant received a hearing before Judge Rosenberg on June 19, 1979. The Judge revoked appellant's probation and sentenced him to a term of imprisonment of two and one–half to five years. It is from this judgment of sentence that the appeal is taken.

Three issues are presented on appeal: (1) whether the lower court based its revocation of probation on alleged violations of which appellant had not been notified; (2) whether there was sufficient evidence of the alleged violations of which appellant had been notified; and (3) whether the appellant was denied his right to allocution at sentencing.

In response to the first issue, it is clear that the lower court based its revocation on a number of alleged violations of probation. One specific violation of which the appellant had been notified was his failure to complete drug treatment.

The next area of contention centers on the sufficiency of the evidence at the violation of probation hearing. Appellant contends that the evidence introduced at the hearing that he had left two drug treatment facilities was an insufficient basis on which to revoke probation. He alleges that the court never ordered him to attend a specific drug treatment program and that the evidence failed to establish that he was not receiving any drug treatment. It is apparent, however, that there was no need for the court to have committed the appellant to a specific facility. This court has held that a court may leave the specific details of probation to the probation officer. *Commonwealth v. Martin*, 241 Pa.Super. 222, 396 A.2d 671 (1978).

In determining that the appellant's conduct was not in conformity with the terms of his probation, the standard of "proof beyond a reasonable doubt" is not required at probation revocation hearings. Instead, this court has stated, " . . . it is enough that the evidence is sufficient to satisfy the court that defendant's conduct was not what was required under the terms of his probation." *Commonwealth v.*

*Clark*, 225 Pa.Super. 171, 177, 310 A.2d 316, 320 (1973). Recently, this court has continued the use of the rationale by stating, "... a basis for revoking parole is established by evidence of probation value substantiating the parolee's violation of the terms of his parole." *Commonwealth v. Rossetti*, 255 Pa.Super. 524, 528, 388 A.2d 1090, 1092 (1978). In this instance, there exists sufficient evidence of probative value from which appellant's failure to receive drug treatment can be readily inferred. The lower court was clearly justified in revoking probation on that basis.

■ Finally, appellant argues that he was denied the right to make a statement in his own behalf at sentencing.[1]

Here, neither appellant nor counsel requested that appellant be allowed to speak in his own behalf. However, Pa.R.Crim.P. 1405(a) requires the sentencing judge to "afford the defendant an opportunity to make a statement in his own behalf." The comment to Rule 1405(a) cites *Green v. United States*, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961). There, the United States Supreme Court upheld the principle that a defendant must be offered the opportunity to speak in his own behalf, whether or not he requests to speak. In *Commonwealth v. Lowry*, 260 Pa.Super. 454, 394 A.2d 1015 (1977), this court recognized this principle:

> Our review of the record bears out appellant's complaint that he was never personally afforded an opportunity to speak before sentencing was pronounced. The proceeding, as the Commonwealth concedes, presents a lamentable departure from the guidelines imposed by our Supreme Court. Normally, our remedy would be to remand for resentencing in compliance with Rule 1405.

Supra, 260 Pa.Super. at 462, 394 A.2d at 1019.

Here, the record discloses that the appellant was not permitted to make a statement in his own behalf. Therefore, we remand this case to the lower court solely for the purpose of resentencing.

Judgment of sentence vacated and remanded for resentencing.

---

1. The Commonwealth does not contest this issue.