426 A.2d 1190

**COMMONWEALTH of Pennsylvania**

v.

**Calvin JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1980.

Filed March 13, 1981.

John H. Corbett, Jr., Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Commonwealth, appellee.

Before SPAETH, JOHNSON and POPOVICH, JJ.

PER CURIAM:

This is an appeal from an order dismissing a pro se petition filed under the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, 19 P.S. § 1180–1 *et seq.* The trial court concluded that appellant's claim was frivolous and was without a trace of support in the record, and the court dismissed the petition without the requested ap-

pointment of counsel. Because the trial court erred when it dismissed appellant's petition without appointing counsel, we must remand the matter to the trial court.

■ Under the provisions of Rule 1503(a) of the Pennsylvania Rules of Criminal Procedure, the trial court may not dismiss summarily a petition filed by an indigent without the appointment of counsel, if counsel is requested, unless the same issues have been adjudicated in a previous counseled petition which was determined adversely to the petitioner or where the petitioner has waived the right to the assistance of counsel knowingly.[1] See *Commonwealth v. Blair*, 470 Pa. 598, 369 A.2d 1153 (1977) and *Commonwealth v. Adams*, 465 Pa. 389, 350 A.2d 820 (1976). Accord *Commonwealth v. Sinwell*, 259 Pa.Super. 544, 393 A.2d 959 (1978). Additionally, cases in Pennsylvania have adopted a strict construction of the language of Rule 1503(a). *Id.*

■ Because appellant requested the appointment of counsel, and because appellant has not filed a previous counseled post-conviction hearing petition, counsel should have been appointed.[2] See *Commonwealth v. Sinwell*, supra. Accordingly, the matter is remanded to the trial court for the appointment of counsel, and upon request, appellant is entitled to amend his petition. See *Commonwealth v. Sinwell*, supra.

In view of our disposition of this appeal, we need not address appellant's alternative argument that the prosecution's failure to provide appellant with a trial transcript for his appeal constituted reversible error.

The order of the trial court denying post-conviction relief is vacated and the matter is remanded to the trial court for the appointment of counsel. Jurisdiction is transferred to the trial court.

1. The trial court did appoint counsel to represent appellant in this appeal.

2. It is undisputed that appellant is indigent.