432 A.2d 1031

**COMMONWEALTH of Pennsylvania**

v.

**Alfred KOZIEL, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 28, 1981.

Filed July 17, 1981.

Joseph Van Jura, Wilkes-Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before CAVANAUGH, JOHNSON and LIPEZ, JJ.

JOHNSON, Judge:

Following a jury trial commenced on February 11, 1980, Appellant was convicted of Aggravated Assault,[1] Recklessly Endangering Another Person,[2] and Unlawful Restraint.[3] No post-trial motions were filed and Appellant was sen-

[1]  18 Pa.C.S.A. § 2702.

[2]  *Id.*, § 2705.

[3]  *Id.*, § 2902.

tenced on March 31, 1980 as follows: for Aggravated Assault, eighteen to thirty-six months; for Reckless Endangerment, one to two years, to run concurrently with the first sentence; for Unlawful Restraint, one to two years also to run concurrently.

Appellant was ordered to pay the costs of prosecution and was given credit for all time served to date in connection with the above offenses.

No motion was filed for reconsideration of sentence, and Appellant appealed directly to this court.[4]

■ Rule 302(a) of the Pennsylvania Rules of Appellate Procedure provides that issues not raised in the trial court are waived and cannot be raised for the first time on appeal. Appellant's complaint concerning his sentence was not raised until this appeal.

The correct procedure would have been to file a written Motion to Modify Sentence within ten days of the imposition of sentence, as per Pa.R.Crim.P., Rule 1410, 42 Pa.C.S.A. The failure to do so waives any complaint concerning sentence that does not involve the lawfulness of the sentence itself. See *Commonwealth v. Walls*, 248 Pa.Super. 335, 375 A.2d 125 (1977), *aff'd* 481 Pa. 1, 391 A.2d 1064 (1978).

■ The purpose of this rule is to allow the sentencing court the first opportunity to modify its sentence. *Commonwealth v. Shaw*, 280 Pa.Super. 575, 421 A.2d 1081 (1980), *Commonwealth v. Gottshalk*, 276 Pa.Super. 102, 419 A.2d 115 (1980), citing *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977).

The trial court, however, failed to inform Appellant of his right to file a Motion to Modify Sentence within ten days, as required by Pa.R.Crim.P., Rule 1405(c), 42 Pa.C.S.A.[5]

In *Commonwealth v. Rush*, 281 Pa.Super. 72, 421 A.2d 1163 (1980) this court remanded and directed the lower court

---

4. We need not address the issue of possible ineffective assistance at this point in time, as we believe a remand is the appropriate remedy in this case.

5. Pa.R.Crim.P., Rule 1405(c) states in part:
   Rule 1405. Sentencing Proceeding

to entertain Appellant's motion for modification of sentence nunc pro tunc. The lower court in *Rush* had failed to advise the defendant of his right to petition for modification of sentence within ten days.

The record is silent as to any indication of a waiver by Appellant of his right to file such a motion.

Because of the trial court's failure to inform Appellant of his rights, we must order this case remanded. The case is remanded with directions to the lower court to entertain Appellant's motion for modification of sentence nunc pro tunc. Appellant shall have ten days from the filing of the record and this opinion in the lower court in which to file a motion for modification of sentence with the lower court. Jurisdiction is not to be retained by this court.

At the time of sentencing, the judge shall:

. . . . .

(c) advise the defendant on the record:

. . . . .

(2) of the right to file motions challenging the propriety of the sentence . . .

(3) of the ten (10) day time limit within which such motions must be filed;

. . . . .

(5) that only claims raised in this court may be raised on appeal;