450 A.2d 161

**COMMONWEALTH of Pennsylvania**

v.

**Willard HERTZOG, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 24, 1982.

Filed Sept. 10, 1982.

Lawrence D. MacDonald, Wilkes-Barre, for appellant.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellee.

Before SPAETH, BROSKY and BECK, JJ.

PER CURIAM:

This is an appeal from the summary dismissal of a *pro se* Post Conviction Hearing Act petition.[1] Appellant, Hertzog, requested the appointment of counsel for assistance in his hearing, alleging that he was financially unable to employ counsel himself. The trial court did not reach the issue of appellant's financial need for counsel, but dismissed the petition as "patently frivolous." Counsel was not appointed and no leave was given to amend the petition. We reverse the dismissal and remand for rehearing subsequent to the appointment of counsel and with leave to amend the petition.

Two circumstances will allow the non-appointment of requested counsel. One, the lack of authentic financial need, was not addressed in this dismissal. The other exception arises when the same issues have been adjudicated previously in a petition with assistance of counsel. *Commonwealth v. Blair,* 470 Pa. 598, 369 A.2d 1153 (1977). This is appellant Hertzog's first appeal from this conviction, so this exception does not apply here.

This case is entirely on point with a case decided by this court last year, *Commonwealth v. Johnson,* 285 Pa.Super. 158, 426 A.2d 1190 (1981). We note that even the Commonwealth's representative in this appeal, the Luzerne County District Attorney, agrees with the applicability of *Johnson* to the case before us. In *Johnson,* a legally identical set of facts were presented and the same result obtained as we decide here.[2]

1. 19 P.S. § 1180–1 et seq.

2. We also note that the trial court did not have the benefit of *Johnson,* which came down more than three years after his dismissal.

182

Order reversed, remanded for rehearing (subsequent to appointment of counsel and with leave to amend the petition).