454 A.2d 1139

**COMMONWEALTH of Pennsylvania**

v.

**Lynus PRICE, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 21, 1982.

Filed Jan. 14, 1983.

Robert Neils Tarman, Public Defender, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before WIEAND, CIRILLO and POPOVICH, JJ.

PER CURIAM:

Lynus Price entered a plea of guilty to robbery and was sentenced to serve a term of imprisonment for not less than seven (7) nor more than twenty (20) years. A petition to reconsider sentence was filed and denied, but no direct appeal was taken. Thereafter, Price filed a P.C.H.A. petition. Counsel was appointed, and an amended P.C.H.A. petition was also prepared and filed. When it was denied without hearing, this appeal followed. We are constrained to reverse and remand for an evidentiary hearing.

The amended P.C.H.A. petition alleged, inter alia, that trial counsel had been ineffective (1) in misleading appellant about a promised sentence; (2) in failing to file a motion to withdraw the plea of guilty on grounds that it had been induced by an unfulfilled promise that appellant would receive a sentence of two to five years; and (3) in failing to protect and preserve appellant's right of allocution at the time of sentencing. Because these averments were of arguable merit, they required an evidentiary hearing.[1] It follows that the trial court erred when it dismissed appellant's P.C.H.A. petition without a hearing.

Reversed and remanded for an evidentiary hearing.

1. With respect to the first and second issues, see *Commonwealth v. Rusinko*, 303 Pa.Super. 216, 449 A.2d 656; *Commonwealth v. Henderson*, 298 Pa.Super. 180, 444 A.2d 720 (1982); *Commonwealth v. Peele*, 291 Pa.Super. 84, 435 A.2d 231 (1981); *Commonwealth v. Paige*, 287 Pa.Super. 133, 429 A.2d 1135 (1981); *Commonwealth v. Farnwalt*, 286 Pa.Super. 559, 429 A.2d 664 (1981); *Commonwealth v. McCall*, 267 Pa.Super. 351, 406 A.2d 1077 (1979); *Commonwealth v. Strader*, 262 Pa.Super. 166, 396 A.2d 697 (1978).
   With respect to the third issue, see *Green v. United States*, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961); *Commonwealth v. Knighton*, 490 Pa. 16, 415 A.2d 9 (1980); *Commonwealth v. Johnson*, 282 Pa.Super. 21, 422 A.2d 655; *Commonwealth v. Lowry*, 260 Pa.Super. 454, 394 A.2d 1015 (1978).