462 A.2d 774

**COMMONWEALTH of Pennsylvania**

v.

**Kirk Otto BENNETT.**

Superior Court of Pennsylvania.

Submitted March 9, 1983.

Filed June 24, 1983.

Mark T. Silliker, Harrisburg, for appellant.

William A. Behe, Deputy District Attorney, Harrisburg, for Commonwealth, appellee.

Before WICKERSHAM, BECK and MONTEMURO, JJ.

PER CURIAM:

Kirk Otto Bennett appeals the order of the court of common pleas, Dauphin County, which dismissed without a hearing his Post Conviction Hearing Act Petition. We vacate the order.

Bennett was arrested following a chase and exchange of gunfire with a police officer. He entered into a plea bargain with the Commonwealth whereby Bennett agreed to plead nolo contendere to charges of loitering, prowling and aggravated assault, in return for which the Commonwealth agreed not to press a charge of robbery and agreed to impose sentence for the charges to run concurrently with sentences Bennett was already serving (life sentence on a murder charge and a fifteen to thirty year sentence to run consecutively). At the time of the plea bargain and sentence, Bennett was represented by counsel.

Bennett submitted his P.C.H.A. Petition *pro se* and *in forma pauperis*, with the assistance of a fellow prisoner at Huntingdon Correctional Institution. *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969). Bennett's Petition presents three substantive issues: (1) the lower court failed to state on the record the reasons for his

sentence, in violation of *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977); (2) denial of allocution at the time of sentencing, in violation of Pa.R.Crim.P. 1405(a) and *Commonwealth v. Johnson*, 282 Pa.Super. 21, 422 A.2d 655 (1980); (3) the trial court was without jurisdiction to hear his case because the criminal information was not signed by a District Attorney but simply bore a rubber stamp facsimile.

For the reasons that follow, we do not address the merits of these contentions. In response to Item 12 on the P.C. H.A. Petition, Bennett indicated that he did not have a lawyer or resources to hire one, and that he wished the court to appoint a lawyer to represent him. He also wrote: "I request that any attorney who is appointed to represent me in this case be required to file a supplemental petition within the time frame ordered by this court" (R.23). No counsel was appointed for Bennett in the matter and the Petition was summarily dismissed.

On appeal, Bennett (now represented by counsel) claims that the lower court erred in denying his Petition without a hearing, and in failing to honor his indigent request for legal counsel to assist in his P.C.H.A. Petition. We hold that the failure to appoint counsel for Bennett was reversible error. Our holding rests squarely on the authority of *Commonwealth v. Sinwell*, 259 Pa.Super. 544, 393 A.2d 959 (1977) which ruled that a P.C.H.A. petitioner, alleging indigency and issues that had never been previously litigated, was entitled to a hearing to determine whether he was indigent and, if so, to appointment of counsel to assist him. *Sinwell* implemented Pa.R.Crim.P. 1504(a) and *Commonwealth v. Adams*, 465 Pa. 389, 350 A.2d 820 (1976) which places an affirmative duty on the hearing court to appoint counsel for an indigent petitioner before disposition of the Petition. In *Commonwealth v. Bostic*, 251 Pa.Super. 224, 380 A.2d 459 (1977) this Court held that even where the petitioner's claim is patently frivolous and without support in the record, appointment of counsel is necessary. There can be no summary dismissal without such appointment.

See also *Commonwealth v. Hobson*, 286 Pa.Super. 271, 428 A.2d 987 (1981).

The order of the lower court is vacated and the case is remanded to that court with instruction to appoint counsel to represent Bennett in the filing of an amended P.C.H.A. Petition, in the event that Bennett and his court-appointed counsel desire to file an amended Petition.

So ordered.

WICKERSHAM, J., files dissenting statement.

WICKERSHAM, Judge, dissenting:

I would affirm the order of the Honorable Clarence C. Morrison of September 10, 1981 dismissing appellant's post conviction petition without a hearing. In his petition, appellant raised three issues which the record clearly indicates are patently frivolous. Appellant had counsel at the guilty plea hearing when the record was established. See Pa.R. Crim.P. 1507(b).