465 A.2d 660

**COMMONWEALTH of Pennsylvania**

v.

**Edgar L. CURRY, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 8, 1982.

Filed Sept. 2, 1983.

William F. Scarpitti, Jr., Assistant Public Defender, Erie, submitted a brief on behalf of appellant.

Shad Connelly, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before CAVANAUGH, BROSKY and MONTGOMERY, JJ.

PER CURIAM:

This appeal arises from appellant's conviction by a jury of aggravated assault[1] and his subsequent sentence of one and one-half (1½) to five (5) years imprisonment, a fine of three hundred dollars ($300.00) and restoration of property taken or payment of its value.

Appellant raises ten assignments of error: (1) The sentencing court erred in merely noting considerations for sentence imposed without further explaining the thought processes and evaluations it made; (2) The verdict was against the weight of all credible evidence; (3) The jury verdict was contrary to the law as guilt was not proven beyond a reasonable doubt; (4) Trial court erred in permitting the prosecutor to examine the victim as to prior criminal acts occurring between appellant and the victim approximately three years prior to the subject incident, from which testimony the finder of fact could make the erroneous

[1]. 18 Pa.C.S.A. § 2702.

inference that appellant was guilty of the subject criminal offense; (5) The trial court erred in not granting motion for mistrial due to prejudice caused by testimony regarding prior unrelated criminal activity; (6) Defense counsel was ineffective for failing to timely object to victim's prejudicial testimony as set forth in claim four (4) above; (7) Sentencing court erred in not considering character of appellant by not permitting him to allocute on his own behalf; (8) Defense counsel was ineffective for failing to protect appellant's right to allocution; (9) Defense counsel was ineffective for failing to ensure that appellant received adequate colloquy of appellate rights, specifically the right to timely file a motion for reconsideration of sentence; and, (10) Defense counsel was ineffective for failing to timely file a motion for reconsideration. We affirm the conviction; and, we vacate the sentence and remand for further proceedings.

On November 21, 1979, the hydrocephalic victim was beaten by appellant and his codefendant Eugene Wright.[2] As a result of his injuries, the victim was hospitalized until December 24, 1979. Following an interview with the victim conducted by investigating officers on December 28, 1979, warrants were issued for the arrest of appellant and his codefendant.[3] Appellant was taken into custody on January 2, 1980, and after questioning was charged with aggravated assault.

Appellant alleges that the verdict was against the weight of all credible evidence, and contrary to the law as his guilt was not established beyond a reasonable doubt. In evaluating this claim, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, there is sufficient evidence to have enabled the jury to find every element of the offense beyond a reasonable doubt. *Commonwealth v. Smith*, 484 Pa. 71, 398 A.2d 948 (1979).

**2.** The appeal of Eugene Wright is before this court at No. 105 Pittsburgh, 1981.

**3.** During the interview, the victim identified his assailants by name as they were known to him.

While making that determination, it is clear that the weight to be accorded the evidence and the credibility of the witnesses is the province of the factfinder. *Commonwealth v. Robson*, 461 Pa. 615, 337 A.2d 573 (1975).

Appellant argues that inconsistencies in the victim's testimony rendered the evidence insufficient as he was the only witness who could connect him to the assault. The mere fact that there are some inconsistencies in a witness' testimony is not alone sufficient to destroy the Commonwealth's case. *Commonwealth v. Williams*, 290 Pa.Super. 209, 434 A.2d 717 (1981). The trier of fact is to resolve any inconsistencies which may exist, *Commonwealth v. Farquharson*, 467 Pa. 50, 354 A.2d 545 (1976), and can believe all, part or none of the testimony. *Commonwealth v. Duncan*, 473 Pa. 62, 373 A.2d 1051 (1977).

The record herein evinces that there was sufficient evidence to sustain the jury's verdict of guilty of aggravated assault.

Appellant also claims that the trial court erred in permitting the prosecution to elicit testimony from the victim of prior criminal acts of appellant and prior contacts between the two individuals. He asserts that his resulting motion for mistrial should have been granted; and, trial counsel was ineffective for failing to make a timely objection to that testimony.

During trial, the victim testified that he knew appellant and his codefendant prior to the subject criminal episode. Specifically, the victim testified that approximately two to three years prior to the assault he informed the police that appellant had stolen a parking meter for which theft he, the victim, had been charged. As a result, appellant subsequently fought with him and took his citizen's band radio from his car. At that point in the testimony, defense counsel requested a mistrial which was denied by the trial court as no timely objection to the testimony was made, and the testimony was admissible as it involved motive and intent.

Under normal circumstances, appellant's claim of error in admitting such testimony would be waived as no contemporaneous objection was made. *Commonwealth v. Pritchitt,* 468 Pa. 10, 359 A.2d 786 (1976); *Commonwealth v. Griffin,* 271 Pa.Super. 228, 412 A.2d 897 (1979). Since he also asserts that trial counsel was ineffective for failing to timely object, we will reach the merits of the underlying claims in order to determine whether trial counsel's assistance was constitutionally effective.

The victim's detailed account of the prior incident was given in response to the following:

"[Prosecutor]: Had they ever or had you ever had a fight with either one of them [appellant and codefendant] before?

[Victim]: No. I had a run-in with Edgar Curry [appellant] before."

■ A further review of the record evinces that the testimony was relevant to establish a possible motive or reason for the attack, intent, and the relationship between the victim and appellant. Such evidence is admissible to show motive or intent, *Commonwealth v. Marcocelli,* 271 Pa.Super. 411, 413 A.2d 732 (1979), and to show malice or ill will between the parties. *Commonwealth v. Chism,* 480 Pa. 233, 389 A.2d 1041 (1978).

■ Any prejudice which may have inured to appellant as a result of this brief segment of the victim's testimony was harmless at best. The jury could have also inferred malice on the part of the victim tending towards his identification of appellant as one of his attackers. Not only did trial counsel's decision not to object immediately have some reasonable basis designed to effectuate appellant's interests, the underlying claim is meritless. As a result, defense counsel's assistance was constitutionally effective. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967); and, *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

In view of the foregoing analysis of appellant's claims, it is also evident that the trial court properly denied defense counsel's motion for mistrial.

The five remaining assignments of error asserted by appellant concern sentencing. Specifically he alleges that: (1) the sentencing court erred in merely noting considerations for the sentence imposed without explaining its thought processes and evaluations; (2) the sentencing court erred in not considering the nature or character of appellant by not permitting him to allocute on his own behalf; (3) counsel was ineffective for failing to protect appellant's right to allocution; (4) counsel was ineffective for failing to ensure that appellant was adequately advised of his appellate rights, particularly his right to timely file a motion for reconsideration of sentence; and, (5) counsel was ineffective for failing to timely file such a motion.

■ Regarding appellant's allegation that the sentencing court failed to specifically state its reasons for the sentence imposed, the following statements were made by the Honorable Lindley R. McClelland:

"... It was a very violent crime. This victim ... didn't ask to be beaten half to death, and [the jury found that] Wright and Curry did it.

... I've considered the guidelines of Pennsylvania; I've considered the presentencing report; I've considered your prior record, which is not extensive; I've considered the nature of the crime, which is vicious and violent, and I believe under all the circumstances I'm being lenient and giving the same sentence I gave your codefendant..."

Though a more detailed statement of reasons for the sentence imposed would have been preferable, we find the statement as given by the sentencing court to be sufficient. *Cf., e.g., Commonwealth v. Green,* 494 Pa. 406, 431 A.2d 918 (1981), *Commonwealth v. Turecki,* 278 Pa.Super. 511, 420 A.2d 658 (1980); *Commonwealth v. Darush,* 279 Pa.Super. 140, 420 A.2d 1071 (1980); and, *Commonwealth v. Doyle,* 275 Pa.Super. 373, 418 A.2d 1336 (1979).

In evaluating appellant's remaining claims of error during the sentencing process, we conclude that the matter must be remanded for resentencing.

Our review of the record reveals that the sentencing court did not comply with the following provisions of Pa.R. Crim.P. 1405:

"At the time of sentencing, the judge shall:

(a) afford the defendant the opportunity to make a statement on his own behalf *and* afford counsel ... an opportunity to present arguments and information relative to sentencing; ...

(c) advise the defendant on the record:

. . . . .

(2) of the right to file motions challenging the propriety of the sentence...;

(3) of the ten (10) day time limit within which such motions must be filed; ..." (Emphasis Added).

Though appellant's counsel eloquently allocuted on behalf of his client at the sentencing hearing, the court at no time invited appellant to do the same. Pa.R.Crim.P. 1405(a) mandates such an invitation, even absent a specific request from a defendant or his counsel. *Commonwealth v. Johnson*, 282 Pa.Super. 21, 422 A.2d 655 (1980).[4]

Nor did the sentencing court advise appellant of his right to file a motion for reconsideration of sentence within ten (10) days of imposition of sentence. His failure to do so is not offset in any way by his thorough advice as to appellant's right to appeal, and constitutes error. *Commonwealth v. Koziel*, 289 Pa.Super. 22, 432 A.2d 1031 (1981); *Commonwealth v. Rush*, 281 Pa.Super. 92, 421 A.2d 1163 (1980).[5]

4. As we can find no reasonable basis for trial counsel's failure to ensure that appellant was afforded an opportunity to speak on his own behalf, his assistance is deemed ineffective.

5. No reasonable basis exists for counsel's failure to ensure that appellant was advised of his modification of sentence rights, or his failure to timely file such a motion. His assistance was therefore ineffective.

The proper recourse regarding the court's failure to afford appellant the right to allocute on his own behalf is to vacate the sentence and remand for resentencing. *Commonwealth v. Johnson, supra.* The court's failure to advise appellant of his reconsideration of sentence rights should result in an order from this court requiring the sentencing court to entertain appellant's motion for reconsideration of sentence *nunc pro tunc. Commonwealth v. Koziel, supra.* For the sake of judicial economy, we will vacate the sentence and remand for resentencing, after which resentencing appellant shall have the right to file a motion for modification and reconsideration pursuant to Pa.R.Crim.P. 1410.[6]

The conviction is affirmed; and, the sentence is vacated and the matter remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

BROSKY, J., files a concurring opinion.

BROSKY, Judge, concurring:

I join the majority opinion in its treatment of all issues except (2), whether the verdict was against the weight of all credible evidence. With regard to that issue I concur in the result.

I believe the majority incorrectly treats appellant's claim that the verdict was against the weight of the evidence as a claim that evidence was insufficient to sustain the jury's verdict. "[A] new trial may be granted if a verdict is against the weight of the evidence even if the evidence is legally sufficient to sustain a guilty verdict." *Commonwealth v. Bowermaster,* 297 Pa.Super. 444, 453, 444 A.2d 115, 119 (1982).

Of course, if appellant's claim is in substance actually one of insufficiency of the evidence, it should be treated as such. However, the majority does not state that to be the

---

**6.** "Rule 1410. Motion to Modify Sentence.

A motion to modify sentence shall be in writing and shall be filed with the sentencing court within ten (10) days after imposition of sentence."

case and, while appellant's argument on this issue could, indeed, create some ambiguity, I believe the issue truly is one of the weight of the evidence.

Before a new trial can be awarded on the ground that the verdict is against the weight of the evidence, it must appear from the record that the verdict was so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Hennemuth*, 294 Pa.Super. 360, 439 A.2d 1241 (1982). I do not find such to be the case from my review of the record and would, accordingly, grant appellant no relief on the issue.[1]

1. Much of appellant's argument concerns the credibility of the victim's testimony. It is well established that the credibility of a witness is a matter for determination by the fact-finder; only where the Commonwealth's evidence is "so unreliable or contradictory as to make any verdict based thereon pure conjecture," will an appellate court reverse. *Commonwealth v. Farquaharason*, 467 Pa. 50, 60–61, 354 A.2d 545, 550 (1976).