J-S15010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NELSON EARL HARTLEY | |
| Appellant | No. 1477 MDA 2014 |

Appeal from the Judgment of Sentence August 14, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001391-2012

*****

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NELSON EARL HARTLEY | |
| Appellant | No. 1478 MDA 2014 |

Appeal from the Judgment of Sentence August 14, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0001571-2012

*****

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NELSON EARL HARTLEY | |
| Appellant | No. 1479 MDA 2014 |

Appeal from the Judgment of Sentence August 14, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000738-2013

\*\*\*\*\*

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | | |
| v. | | |
| NELSON EARL HARTLEY | | |
| Appellant | | No. 1480 MDA 2014 |

Appeal from the Judgment of Sentence August 14, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000739-2013

BEFORE:  LAZARUS, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 06, 2015**

Nelson Earl Hartley appeals from the judgment of sentence imposed by the Court of Common Pleas of Centre County following the revocation of his probation.  Upon review, we vacate Hartley's sentence and remand for resentencing.

On August 14, 2014, Hartley appeared for a violation of probation hearing.  It was determined that Hartley violated the conditions of his probation prohibiting him from consuming alcohol and entering bars. Following the hearing, the court sentenced Hartley to a period of six to

- 2 -

twelve months' incarceration on each of the four violations, to run consecutively to each other. Hartley did not file a post-sentence motion.

On August 29, 2014, Hartley filed a notice of appeal on each of the four enumerated sentences. He timely complied with the court's order to provide a statement of errors complained of on appeal on September 18, 2014. The four cases were consolidated for appeal on September 22, 2014.

On appeal, Hartley presents the following issues for our review:

1. Did the lower court deny Hartley his right of allocution at his sentencing following the violation of his probation?

2. Was the issue regarding the deprivation of Hartley's right to allocution preserved for appellate review despite the failure to present the issue to the court below in a post-sentence motion where the court did not advise defendant of his right to file a post-sentence motion?

Brief of Appellant, at 8. For ease of disposition, we will address Hartley's second issue first.

In his second issue, Hartley asks this Court to excuse his failure to raise the issue of allocution in a post-sentence because the court did not apprise him of his right to file such a motion at the time of sentencing. The probation revocation court acknowledges that at the time of sentencing, it did not afford Hartley his right of allocution nor advise him of his post-sentence rights as required by Pa.R.Crim.P. 708(D).

Pennsylvania Rule of Criminal Procedure 708(D) provides:

(D) Sentencing Procedures:

(1) At the time of sentencing, the judge shall afford the defendant the opportunity to make a statement in his or her

behalf and shall afford counsel for both parties the opportunity to present information and argument relative to sentencing.

(2) The judge shall state on the record the reasons for the sentence imposed.

(3) The judge shall advise the defendant on the record:

(a) of the right to file a motion to modify sentence and to appeal, of the time within which the defendant must exercise those rights, and of the right to assistance of counsel in the preparation of the motion and appeal.

Pa.R.Crim.P. 708(D). Regarding such omissions by the trial court, this Court has previously held,

The proper recourse regarding the court's failure to afford appellant the right to allocute on his own behalf is to vacate the sentence and remand for resentencing. The court's failure to advise appellant of his reconsideration of sentence rights should result in an order from this court requiring the sentencing court to entertain appellant's motion for reconsideration of sentence *nunc pro tunc*.

**Commonwealth v. Curry**, 465 A.2d 660, 664 (Pa. Super. 1983).[1]

In **Curry**, the sentencing court denied Curry his right to allocution and failed to advise Curry of his right to file a motion for reconsideration of sentence within ten (10) days of imposition of sentence. Despite counsel's eloquent allocution on behalf of his client, this Court found the omissions to constitute reversible error. We vacated Curry's sentence and remanded for

---

[1] We recognize that although a majority of this Court would later distance itself from **Curry** in **Commonwealth v. Brown**, 492 A.2d 745 (Pa. Super. 1985), **Brown** disapproved **Curry** only "to the extent [it] would allow counsel to be found ineffective for failing to preserve allocution rights where no factual basis for the allocution claim is offered." **Brown**, 492 A.2d at 758.

resentencing, after which Curry would have the right to file a motion for modification and reconsideration pursuant to Pa.R.Crim.P. 1410.

We find **Curry** dispositive in the case *sub judice*. Here, the court denied Hartley his right to allocute on his own behalf and failed to apprise Hartley of his right to file a post-sentence motion. Although counsel's allocution on Hartley's behalf was persuasive, as demonstrated by the sentencing judge's decision to impose a more lenient sentence, we cannot overlook these errors. Accordingly, we vacate Hartley's sentence and remand for resentencing. Hartley shall be afforded the right to allocute on his own behalf and, following resentencing, he shall be apprised of his right to file a post-sentence motion pursuant to Pa.R.Crim.P. 1410.

Sentence vacated and the matter remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/6/2015