449 A.2d 747

**COMMONWEALTH of Pennsylvania**

v.

**Henry F. ALDRETE, Sr., Appellant.**

Superior Court of Pennsylvania.

Argued April 28, 1982.

Filed Aug. 20, 1982.

William F. Scarpitti, Jr., Erie, for appellant.

Shad Connelly, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before CERCONE, President Judge, and BECK and MONTEMURO, JJ.

PER CURIAM:

This is an appeal from judgments of sentence entered immediately following appellant's conviction on eight summary traffic offense charges.

On April 10, 1980 appellant was arrested outside his home following a high speed chase through portions of Erie County. He was charged with recklessly endangering another person,[1] a second degree misdemeanor, and with fifteen

1. 18 Pa.C.S. § 2705.

assorted summary traffic offenses. All the charges were tried on October 17 through 27, 1980 in the Erie County Court of Common Pleas. The jury returned a verdict of not guilty on the misdemeanor charge. The trial judge, however, entered a finding of guilty on eight of the summary traffic offenses. The court immediately imposed judgments of sentence. Appellant was not given the opportunity to file post-verdict motions between the finding of guilt and the imposition of sentence. On October 28, 1980 appellant filed motions in the nature of post-verdict motions although they actually came after the entry of the court's judgment. These motions went unheard. This appeal followed.

The post-verdict procedure followed by the lower court was in clear contravention of Rule 1123 of the Pennsylvania Rules of Criminal Procedure. Pa.R.Crim.P. 1123. This same procedure was recently decried in this Court's opinion in *Commonwealth v. Koch*, 288 Pa.Superior Ct. 290, 431 A.2d 1052 (1981). *Koch* and its progeny hold that where post-verdict motions have not been filed because sentencing was followed hard upon the heels of the findings of guilt the proper course for this Court to follow is to vacate the judgment of sentence and remand the case for the filing of post-verdict motions *nunc pro tunc.*[2]

Because the trial court failed to provide appellant the chance to file post-verdict motions before it entered the judgments of sentence presently on appeal we are constrained to vacate those same judgments of sentence and remand the case for the filing of post-verdict motions as per Rule 1123 of the Rules of Criminal Procedure.

Judgment of sentence vacated, case remanded and jurisdiction relinquished.

2. See *Commonwealth v. Kancle*, 302 Pa.Superior Ct. 454, 448 A.2d 1129 (1982) (Appellant not afforded opportunity to file post-verdict motions: no waiver where appellant not informed of right to file post-verdict motions following summary conviction.)