551 A.2d 411

Horace Egelston, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued June 14, 1988, before President Judge CRUMLISH, JR., Judge DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*Leo M. Pall,* for appellant.

*Paul R. Bartolacci,* for appellee.

OPINION BY SENIOR JUDGE NARICK, December 23, 1988:

Horace Egelston (Appellant) has appealed from an order of the Court of Common Pleas of Delaware County finding him guilty on three citations issued by Upper

Darby Township (Township) and imposing a $900.00 fine and a ninety-day jail sentence. Because of procedural improprieties, we are required to vacate the judgment of sentence and remand to the trial court to dispose of Appellant's post-verdict motions.

The Township Health Officer issued citations numbered C22569, C22578 and C22579[1] to Appellant on August 7, August 13 and August 12, 1986, for violations of Section 3.01 of Ordinance No. 2295 of the Township of Upper Darby.[2] Appellant was found guilty of these violations by a district justice and filed a timely appeal to common pleas court. A hearing *de novo* on the charges was held August 3, 1987. The matter was then continued to August 28, 1987 so that counsel could file briefs on the subject of Appellant's contention that the Township ordinance was unconstitutionally vague.[3] At the August 28 hearing, the court entertained brief argument on the constitutional issue and then pronounced Appellant guilty on each of the three citations. The court advised Appellant of his right to file post-verdict motions within ten days in accordance with the terms of Pa. R. Crim. P. 1123 (Rule 1123), but nonetheless proceeded to enter a sentence it termed "conditional." (Notes of Testimony [N.T.] of August 28, 1987, at 13). Its written order, dated August 28, 1987, provided (un-

----

[1] Three other citations were dismissed by the district justice.

[2] Specifically, that section provides: "No owner or individual shall occupy or let to another individual any dwelling or dwelling unit unless it and the premises are clean, sanitary, fit for human occupancy, and comply with all applicable legal requirements of the Commonwealth of Pennsylvania and the Township of Upper Darby."

[3] The court requested briefs because it believed that the issue of constitutionality had been waived. Apparently, because both parties briefed the merits of the issue without discussing waiver, the court elected to address the merits and adopted the Township's position that the ordinance was constitutional.

conditionally) for the maximum fine of $300.00 plus costs for each violation, in addition to ninety days in jail to be served if Appellant did not clean up his property within ninety days.

Thereafter, on September 3, 1987, Appellant filed post-verdict motions for a new trial, in arrest of judgment, and for reconsideration of the sentence. No action was taken on these motions[4] and on September 25, 1987, Appellant filed a notice of appeal to this Court from the August 28 order of sentence.

It is clear that Rule 1123[5] is applicable to appeals to common pleas courts from convictions by a district jus-

---

[4] The record is confusing on this point. The trial judge, in his memorandum opinion dated December 4, 1987, filed in accordance with Pa. R.A.P. 1925(a) after having received notice of this appeal, makes no mention of post-verdict motions. However, on September 25, 1987, the judge apparently signed two rules to show cause why the motions should not be granted which were attached to the motions themselves. These orders are not time-stamped, and there is no indication that they were filed or docketed. Appellant took his appeal that same day, apparently without knowledge that the orders had been signed. Subsequently, after having received a copy of Appellant's brief to this Court, the trial court judge filed a supplemental memorandum opinion, dated February 9, 1988, which contained the following statement: "I have no recollection that post verdict motions were filed, but if they were, because the appellant appealed to the Commonwealth Court, this would have deprived me of jurisdiction to address the issue." Supplemental memorandum opinion at 2.

[5] Rule 1123 provides, in part:

(a) Within ten (10) days after a finding of guilt, the defendant shall have the right to file written motions for a new trial and in arrest of judgment. Only those grounds may be considered which were raised in pre-trial proceedings or at trial, unless the trial judge, upon cause shown, allows otherwise. Argument, a hearing, or both shall be scheduled and heard promptly after such motions are filed, and only those issues raised and the grounds relied upon in the motions that are stated specifically and with particularity may be argued or heard. . . .

tice for summary offenses. *See Commonwealth v. Koch,* 288 Pa. Superior Ct. 290, 431 A.2d 1052 (1981). The *Koch* court succinctly summarized the purposes to be served by filing post-verdict motions: "(1) to afford the trial court in the first instance, the opportunity to correct asserted trial errors; and (2) to clearly and narrowly frame issues for appellate review." *Id.* at 295, 431 A.2d at 1055 (citation omitted).

In a case which is factually similar to the instant matter,[6] the Superior Court has held that it was im-

> (b) If the defendant agrees on the record, the post-verdict motions may be made orally at the conclusion of the trial. The defendant may also within the ten (10) day period on the record voluntarily and understandingly waive the filing of post-verdict motions. Prior to the acceptance of such waiver the trial judge shall, pursuant to paragraph (c) of this Rule, advise the defendant on the record that waiving of post-verdict motions shall preclude raising on appeal any issues which might have been raised in such motions.
>
> (c) Upon the finding of guilt, the trial judge shall advise the defendant on the record:
>
> (1) of the right to file post-verdict motions and of the right to the assistance of counsel in the filing of such motions and on appeal of any issues raised therein;
>
> (2) of the time within which he must do so as set forth in paragraph (a); and
>
> (3) that only the grounds contained in such motions may be raised on appeal.

The official Comment to the Rule contains the following pertinent language:

> Post-verdict motions must be decided before sentencing, because the appeal lies from the final order of the trial court, which ordinarily includes sentence. . . .
>
> . . . .
>
> This rule is intended to require post-verdict motions in the court of common pleas after a finding of guilt at a de novo trial in a summary case.

(Citations omitted.)

[6] The trial court in that case, however, made no effort to advise the appellant of his right to file post-verdict motions.

proper for the trial court to impose a judgment of sentence before either the filing of the appellant's post-verdict motions and that court's ruling thereon, or the effective waiver of the appellant's right to do so after having been advised of his rights by the trial court on the record as required by Rule 1123. *Commonwealth v. Johnston,* 292 Pa. Superior Ct. 224, 437 A.2d 16 (1981).

In *Commonwealth v. Straff,* 295 Pa. Superior Ct. 205, 207 n.3, 441 A.2d 421, 422 n.3 (1982), the court noted: "It is axiomatic that post-verdict motions must be disposed of *before* sentencing," *citing Commonwealth v. Webster,* 466 Pa. 314, 353 A.2d 372 (1975) (emphasis in original). *See also Commonwealth v. Aldrete,* 303 Pa. Superior Ct. 398, 400, 449 A.2d 747, 748 (1982): "*Koch* and its progeny hold that where post-verdict motions have not been filed because sentencing was followed hard upon the heels of the findings of guilt the proper course for this Court to follow is to vacate the judgment of sentence and remand the case . . . ." (In *Aldrete,* as here, the appellant had filed "motions in the nature of post-verdict motions although they actually came after the entry of the court's judgment." *Id.*)

On the basis of the foregoing authorities, we conclude that we must vacate the order of sentence here and remand for the trial court to dispose of Appellant's post-verdict motions.

## ORDER

AND NOW, this 23rd day of December, 1988, the order of sentence of the Court of Common Pleas of Delaware County is hereby vacated. The Chief Clerk is directed to remand the record to said court within ten days of the entry of this order. Upon remand, the court shall dispose of Appellant's post-verdict motions within sixty (60) days of the entry of this order. In the event said motions are denied, the court shall immediately re-

certify the record to this Court, which shall retain jurisdiction. In the event the trial court grants the post-verdict motions, the Appellant shall discontinue his appeal before this Court within ten (10) days of the entry of the trial court's order.

Judge MACPHAIL did not participate in the decision in this case.